## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| (1) ZHN, LLC<br><br>Plaintiff,<br><br>v.<br><br>(1) RANDY MILLER, LLC,<br>(2) RANDY L. MILLER,<br>(3) LIPPARD AUCTIONEERS, INC.,<br>(4) TROY LIPPARD,<br>(5) ANGIE LIPPARD;<br>(6) BRADY LIPPARD, and<br>(7) JERRY WHITNEY<br><br>Defendants. | Case No. CIV-12-1289-M<br><br><br><br>**JURY TRIAL DEMANDED** |

### SECOND AMENDED COMPLAINT

For its Second Amended Complaint against Defendants, Plaintiff states and alleges as follows:

### I.   IDENTIFICATION OF THE PARTIES

1.     Plaintiff ZHN, LLC is an Oklahoma limited liability company, whose sole member, Alexander Magid, is a resident of the state of Utah.  ZHN, LLC's principal place of business is in the State of Utah.

2.     Defendant Randy Miller, LLC is an Oklahoma limited liability company, whose sole member, Randy L. Miller, is a resident of the State of Oklahoma.  Randy Miller, LLC's principal place of business is in the State of Oklahoma.



3.      Defendant Randy L. Miller is a natural individual residing in the State of Oklahoma.

4.      Defendant Lippard Auctioneers, Inc. is an Oklahoma corporation with its principal place of business in Enid, Oklahoma.

5.      Defendant Troy Lippard is a natural individual residing in the State of Oklahoma.

6.      Defendant Angie Lippard is a natural individual residing in the State of Oklahoma.

7.      Defendant Brady Lippard is a natural individual residing in the State of Oklahoma.

8.      Defendant Jerry Whitney is a natural individual residing in the State of Oklahoma.

## II.      JURISDICTION AND VENUE

9.      Plaintiff brings its complaint under federal diversity jurisdiction pursuant to the provisions of 28 U.S.C. § 1332 as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

10.     Venue is proper under 28 U.S.C. §1391(b)(2) because the events giving rise to this claim occurred within this judicial district in Enid, Oklahoma.

## III.      FACTUAL ALLEGATIONS

11.     At all material times relevant hereto, Defendants Lippard Auctioneers, Inc., Troy Lippard, Angie Lippard, Brady Lippard and Jerry Whitney (collectively and/or

individually, the "Lippard Defendants") were agents, servants and/or employees of Defendants Randy Miller, LLC, Lippard Auctioneers, Inc. and/or Randy Miller.

12.     At all material times relevant hereto, all of the agents, servants, and employees of Defendants Randy Miller, LLC, Lippard Auctioneers, Inc. and Randy Miller were acting within the course and scope of their employment, authority or duties and in furtherance of the duties of their office, agency or employment.

13.     The Lippard Defendants, acting on behalf of owners and sellers Randy Miller, LLC ("Miller LLC") and Randy L. Miller ("Miller"), advertised via the internet and written materials a two-day absolute, no-reserve auction of approximately 9,700 surface acres (in Tracts numbered 1 through 67, hereafter referred to as "RE Tracts") and approximately 3,580 mineral acres (in Tracts numbered 1a through 71a, hereafter referred to as "MI Tracts") located in Grant County, Oklahoma, to be conducted on May 3 and 4, 2012.

14.     On May 3, 2012, the Lippard Defendants, acting on behalf of Miller LLC and/or Miller, offered RE Tracts 1 through 31 at an absolute, no-reserve auction conducted at 111 W. Purdue, Enid, Oklahoma.  The auction was open to the public with bidders permitted to participate in person at 111 W. Purdue, Enid, Oklahoma, on the phone and via an Internet link through proxibid.com.

15.     ZHN, a ready, willing and able buyer, participated in the auction on May 3 and May 4 by telephone from Utah, speaking with and receiving information from Brady Lippard during the auction.

3

16.    ZHN bid on a number of the RE Tracts offered on May 3 and was the high bidder on the following RE Tracts:

| Tract 6 | NE/4 20-28N-6W | 160 acres | $110,000 |
|---|---|---|---|
| Tract 10 | N/2 SE/4 6-27N-6W | 80 acres | $65,000 |
| Tract 12 | SE/4 7-27N-6W | 160 acres | $157,500 |
| Tract 13 | NE/4 8-27N-6W | 160 acres | $650,000 |
| Tract 14 | NW/4 8-27N-6W | 160 acres | |
| Tract 15 & | SE/4  8-27N-6W | 160 acres | |
| Tract 16 in combination | SW/4 8-27N-6W | 160 acres | |
| Tract 21 & | NW/4 17-27N-6W | 160 acres | $310,000 |
| Tract 22 in combination | SW/4  17-27N-6W | 160 acres | |
| Tract 27 | NE/4 32-27N-6W | 160 acres | $600,000 |
| Tract 28 & | NW/4 32-27N-6W | 160 acres | |
| Tract 29 in combination | S/2 32-27N-6W | 320 acres | |

(hereafter collectively referred to as "Day 1 RE Tracts").

17.    ZHN was the buyer, runner up bidder and/or a good faith bidder on a number of Day 1 RE Tracts.

18.    ZHN signed a Real Estate Purchase Contract with Miller LLC for the Day 1 RE Tracts for a purchase price of $1,892,500 and delivered $189,250.00 as an earnest money deposit.

19.    On May 4, 2012, the Lippard Defendants, acting on behalf of Miller LLC and/or Miller, offered RE Tracts 32 through 67 at an absolute, no-reserve auction conducted at 111 W. Purdue, Enid, Oklahoma. The auction was open to the public with

bidders permitted to participate in person at 111 W. Purdue, Enid, Oklahoma, on the phone and via an Internet link through proxibid.com.

20.    ZHN bid on a number of the RE Tracts offered on May 4 and was the high bidder on the following RE Tracts:

| | | | |
|---|---|---|---|
| Tract 34 | SW/4 25-28N-7W | 160 acres | $147,000 |
| Tract 35 | NE/4 35-28N-7W | 157 acres | $122,000 |
| Tract 37 | NW/4 36-28N-7W | 160 acres | $134,000 |
| Tract 38 | SE/4 36-28N-7W | 160 acres | $136,000 |
| Tract 44 | SE/4 11-27N-7W | 160 acres | $144,000 |
| Tract 48 | SW/4 12-27N-7W | 160 acres | $154,000 |

(hereafter collectively referred to as "Day 2 RE Tracts").

21.    ZHN did not bid on the individual Tract 43. ZHN was the high bidder on the individual Tract 44. The Lippard Defendants offered, on behalf of Miller LLC, Tracts 42, 43 and 44 in combination and, on information and belief, the combination bid exceeded the sum of the three individual tracts and was purportedly sold in combination to Bidder No. 212. During the auction, Brady Lippard suggested to ZHN during a phone call that the buyer of the combination for Tracts 42-44 had backed out. Brady Lippard advised ZNH that Tract 44 was available at ZHN's high bid on the individual tract.

22.    During the auction, Brady Lippard also offered to ZHN Tract 43, which is the SW/4 11-27N-7W. ZHN signed the real estate contract that provides the purchase price for Tract 43 is $130,000.

23.    On information and belief, the Lippard Defendants informed other bidders at the auction that "Mr. Vegas," a name Troy Lippard used during the auction to refer to ZHN, was the high bidder on the combination bid for Tracts 42, 43 and 44, but "Mr. Vegas" had backed out, which was untrue.

24.    On information and belief and alternatively, although Bidder No. 212 purportedly had backed out of his bid on the combination for Tracts 42, 43 and 44, he was permitted to bid on other tracts during the auction.

25.    ZHN was the buyer, runner up bidder and/or a good faith bidder on a number of Day 2 RE Tracts.

26.    ZHN signed a Real Estate Purchase Contract with Miller LLC for the Day 2 RE Tracts and Tract 43 for a purchase price of $967,000 and delivered $96,700 as an earnest money deposit.

27.    On May 4, 2012, the Lippard Defendants, acting on behalf of Miller LLC, offered MI Tracts 1a through 71a at an absolute, no-reserve auction conducted at 111 W. Purdue, Enid, Oklahoma. The auction was open to the public with bidders permitted to participate in person at 111 W. Purdue, Enid, Oklahoma, on the phone and via an Internet link through proxibid.com.

28.    ZHN bid on a number of the MI Tracts offered on May 4.

29.    ZHN was the high bidder, runner up bidder and/or a good faith bidder on number of MI Tracts on May 4.

30.    To induce bidders to bid on both the RE Tracts and the MI Tracts, the Lippard Defendants and Miller LLC advertised in promotional materials that

6

approximately 3850 Mineral Acres were being offered at the absolute auction. A number of the MI Tracts corresponded with the RE Tracts offered at the auction.

31.    Miller, Miller LLC and the Lippard Defendants knew, but failed to disclose that in December of 2011, Miller LLC and/or Miller had sold off valuable zones, such as the Mississippian, from the offered "Mineral Acres" to Dye Oil Co., LLC.

32.    Miller, Miller LLC and the Lippard Defendants knowingly misrepresented and omitted this material information from the promotional materials upon which ZHN relied.

33.    On information and belief and alternatively, Defendants permitted bidders to take part in the auction with no intent to close on properties on which they bid, a fact well known to Defendants.

34.    By email dated May 8, 2012, the Defendants offered the following tracts to ZHN at the following prices:

| Tracts 3 & 4 | $320,000 | On information and belief the high bidder at the auction was Bidder No. 212 and the sum of the bids for those tracts at the auction was $295,000 |
|---|---|---|
| Tracts 7 & 8 | $420,000 | On information and belief, the high bidders at the auction were Bidders 420 and 212 and the sum of the bids for those tracts at the auction was $215,000 |
| Tracts 18-20 | $540,000 | On information and belief the high bidder at the auction for this combination was Bidder No. 420 and the bid for the combination was $525,000 |

35.     Approximately three weeks after the auction, Troy Lippard offered to ZHN Tracts 3-5, 7-9, and 18-20 for the total sum of $1,226,000.  On information and belief, the high bidders for these tracts during the auction were Bidder No. 212 for Tracts 3, 4, 8, 9 and Bidder No. 420 for Tracts 5, 7 and the combination of 18-20.

36.     ZHN has discovered bidding irregularities that occurred during the auction that strongly suggest collusive bidding and violated the terms of the absolute, no-reserve auction.

37.     ZHN requested Troy Lippard identify certain runner-up bidders and bidders who purportedly backed out of bids.  Troy Lippard, after originally agreeing to provide this information, subsequently refused.

38.     By email sent July 6, 2012, Angie and/or Troy Lippard stated, "…I'm not at liberty to disclosed (sic) buyer information 'according to Oklahoma Real Estate Law, unless I have written permission from the buyer.'  I was going to give you those names until the buyer interred (sic) in to (sic) a contract."

39.     By email sent July 6, 2012, Angie and/or Troy Lippard stated, "I just called my seller, they said they paid a lot of money in marketing to get those buyers and will not share their confidential information with anyone."

40.     By email sent July 24, 2012, Angie and/or Troy Lippard stated, "I have called bidder number 212 and they have assigned their properties to another buyer.  That buyer also purchased all cattle and equipment from the seller.  Buyer 212 is looking to purchase a total of 5,000 plus contiguous acres with irrigation to make their deal work, but at this time do not want their name out until they get a deal struck."

8

41.    On information and belief, Defendants knew that Bidder # 212 did not exist and was a sham or phantom bidder created by the Defendants, for, among other reasons, to fraudulently increase the bidding activity and sales price of the properties and tracts offered at the auction.

42.    Jerry Whitney, an employee of Lippard Auctioneers, Inc. who actively solicited bids and actively targeted potential bidders during the auction, is identified as the buyer of Tract 54 at the auction.

43.    Jerry Whitney, as a broker/agent/employee of Miller, Miller LLC and/or Lippard Auctioneers, Inc., was prohibited from bidding during the absolute auction.

44.    Neither the sellers (Miller and Miller LLC) nor their agents (the Lippard Defendants) were permitted to bid at the absolute auction.

45.    None of the Defendants disclosed to ZHN or to the bidding public that Jerry Whitney, a broker/agent/employee of Miller, Miller LLC and/or Lippard Auctioneers, Inc., was bidding during the auction.

46.    On information and belief, Defendants permitted and/or engaged in sham bidding, shill bidding and/or phantom bidding during the auction through Bidder #212 and/or through other bidders, including Jerry Whitney, and/or used Jerry Whitney's name to cover up sham bidding, shill bidding and/or phantom bidding during the auction.

47.    Angie Lippard, among other things, participated in the auction by registering bids and/or bidders and communicated with ZHN, and provided information, offers and/or contracts to ZHN via email on May 3 and May 4 and/or shortly after the auction. Angie Lippard knowingly made false representations to ZHN in her May 8,

2012 email that one of the buyers of certain tracts at the auction [Bidder #212], had asked if ZHN might be interested in the tracts they bought.

48.     Brady Lippard failed to disclose in his phone conversations with ZHN during the auction the known, true and complete state of facts with regard to the properties and tracts offered at the auction (including the properties and tracts that ZHN bid on or bought), failed to disclose the known, true and complete state of facts with regard to the bidders and bidding at the auction, and failed to disclose the known fact that Defendants engaged in and/or permitted sham bidding, shill bidding and/or phantom bidding during the auction.

49.     Troy Lippard, who acted as the main auctioneer during the auction, failed to disclose to ZHN during the auction or in communications with ZHN after the auction the known, true and complete state of facts with regard to the properties and tracts offered at the auction (including the properties and tracts that ZHN bid on or bought), failed to disclose the known, true and complete state of facts with regard to the bidders and bidding at the auction, and failed to disclose the known fact that Defendants engaged in and/or permitted sham bidding, shill bidding and/or phantom bidding during the auction.

50.     Angie Lippard failed to disclose in her communications with ZHN during the auction or in her communications with ZHN after the auction the known, true and complete state of facts with regard to the properties and tracts offered at the auction (including the properties and tracts that ZHN bid on or bought), failed to disclose the known, true and complete state of facts with regard to the bidders and bidding at the

auction, and failed to disclose the known fact that Defendants engaged in and/or permitted sham bidding, shill bidding and/or phantom bidding during the auction.

51.    Miller and Miller LLC were aware of the acts and actions of their agents, the Lippard Defendants, before the auction and during the auction and ratified and affirmed those acts and actions.  Alternatively, Miller and Miller LLC became aware of the acts and actions of their agents, the Lippard Defendants, after the auction and ratified and affirmed the acts and actions of the Lippard Defendants.

### IV.    CLAIMS FOR RELIEF

#### A.    Fraud/Deceit/Constructive Fraud

52.    The allegations set forth in paragraphs 1 through 51 are adopted as if fully set forth.

53.    Defendants owed ZHN and the public the duty to conduct the auction as an absolute auction as announced and advertised.

54.    Defendants owed to ZHN and the public the duties of honesty, integrity and fair dealing at all times during and after the auction.

55.    Defendants breached their duties to ZHN by, among other things, failing to follow procedures for an absolute auction, misrepresenting facts or omitting material information about the properties offered at the auction, knowingly permitting bidders and buyers who had no intent to close to take part in the auction, and knowingly permitting and/or engaging in shill/sham/phantom bidding for the purpose of creating a false impression in the mind of ZHN, inducing ZHN to bid during the auction, inflating the

selling price of the properties offered at the auction and inducing ZHN to enter into purchase contracts for properties offered at the auction at inflated prices.

56.     Defendants knowingly made the misrepresentations and omitted disclosure of known material facts about the properties, bidding, bidders and sham/phantom/shill bidders for the purpose of creating a false impression in the mind of ZHN, inducing ZHN's to bid during the auction, inflating the selling price of the properties offered at the auction and inducing ZHN and others to enter into purchase contracts for properties offered at the auction at inflated prices.

57.     ZHN relied to its detriment upon Miller's, Miller LLC's and the Lippard Defendants' representations in the promotional materials that the auction would be conducted as an absolute auction and relied to his detriment upon the induced belief that the Defendants would conduct the absolute auction fairly, with honesty and integrity.

58.     ZHN relied to its detriment upon Defendants' misrepresentations/omissions made during the auction and after the auction, including those set forth in paragraphs 1 through 57 above.

59.     ZHN has been damaged as a result of Defendants' misrepresentations of material facts and as a result of Defendants' failures to disclose known material facts.

60.     ZHN was the buyer and good faith bidder of properties and tracts at the auction and is entitled to damages as a result of Defendants' fraud/deceit/constructive fraud and sham/phantom/shill bidding at the auction.

### B.   Breach of Contract/Bad Faith Breach of Contract

61.   The allegations set forth in paragraphs 1 through 60 are adopted as if fully set forth.

62.   Miller LLC breached its contracts with ZHN and failed to timely deliver abstracts for Day 1 and Day 2 Tracts.

63.   ZHN demanded return of the earnest money due to Miller LLC's failure to timely deliver abstracts as required under the contract and due to irregularities in the bidding at the auction.

64.   Miller LLC for months refused ZHN's request for the unconditional return of the earnest money and for weeks delayed acknowledgment of ZHN's request for mediation.

65.   The real estate contracts entered into by Miller LLC and ZHN contain a mediation clause that provides that any disagreement or dispute arising under the contracts shall first be mediated.

66.   On October 1, 2012, the parties scheduled a mediation with Steven L. Barghols, the mutually agreed upon mediator, for November 20, 2012 at Mr. Barghols' office.

67.   On November 20, 2012, Alexander Magid, on behalf of ZHN, and its attorneys Murray E. Abowitz and Michael N. Brown appeared at the offices of Steven L. Barghols to conduct the scheduled mediation.   John Hodgden, Miller LLC's attorney appeared, but Miller LLC refused and failed to appear.

68. ZHN has satisfied the mediation condition in the real estate contracts between Miller LLC and ZHN.

69. ZHN's representative, Alexander Magid, flew to Oklahoma from Utah to attend the mediation with Mr. Barghols that had been scheduled for nearly 7 weeks.

70. Miller LLC breached the real estate contracts between Miller LLC and ZHN by failing to appear at the November 20, 2012 mediation scheduled with Steven L. Barghols.

71. Miller LLC's action in failing to appear at the mediation constitutes a bad faith breach of the real estate contracts between Miller and ZHN.

72. ZHN has been damaged as a result of Miller LLC's breaches of contract.

73. ZHN was the buyer and good faith bidder of properties and tracts at the auction and is entitled to specific performance and/or damages as a result of Defendants' sham/phantom/shill bidding at the auction.

### C.    Rescission

74. The allegations set forth in paragraphs 1 through 74 are adopted as if fully set forth.

75. Alternatively, the contracts that ZHN signed were induced by breaches of duties, misrepresentation, deceit, and fraud and are subject to avoidance.

### D.    Interference with prospective economic advantage

76. The allegations set forth in paragraphs 1 through 75 are adopted as if fully set forth.

14

77.     By failing to follow procedures for an absolute auction, knowingly permitting bidders and buyers who had no intent to close to take part in the auction, and permitting and/or engaging in sham/phantom/shill bidding at the auction, Defendants have wrongfully interfered with and/or knowingly permitted interference with the prospective economic advantage that ZHN would otherwise have enjoyed at an absolute auction for the properties offered.

78.     ZHN was the buyer and good faith bidder of properties and tracts at the auction and is entitled to damages as a result of Defendants' sham/phantom/shill bidding at the auction.

79.     ZHN has been damaged as a result of Defendants' actions.

### E.    Deceptive Trade Practices

80.     The allegations set forth in paragraphs 1 through 79 are adopted as if fully set forth.

81.     Troy Lippard, Brady Lippard, Lippard Auctioneers, Inc., Randy Miller and Randy Miller, LLC engaged in practices declared unlawful under the Oklahoma Consumer Protection Act, including, but not limited to:

a.     Advertising that the properties and tracts would be sold at an absolute auction with no intent to sell the properties and tracts as advertised;

b.     Knowingly making false, incomplete and/or misleading statements of fact concerning the price of the properties and tracts offered for sale at the auction;

c.     Engaging in the acts outlined herein that deceived or could reasonably be expected to deceive or mislead the bidding public and ZHN to their detriment;

d.     Engaging in the acts outlined herein which offends established public policy and/or is immoral, unethical, unscrupulous and/or substantially injurious to the bidding public and ZHN.

82.     ZHN was the buyer and good faith bidder of properties and tracts at the auction and is entitled to damages as a result of Defendants' sham/phantom/shill bidding at the auction done in violation of the Oklahoma Consumer Protection Act.

83.     That ZHN has been damaged as a result of Defendants' violation of the Oklahoma Consumer Protection Act.

### F.     Civil Conspiracy/Participation in Unlawful Acts

84.     The allegations set forth in paragraphs 1 through 83 are adopted as if fully set forth.

85.     The Lippard Defendants unlawfully conspired together to commit, and in fact committed, the illegal and unlawful acts set forth herein with the purposes of defrauding ZHN and increasing the bidding activity/sales price of the properties and tracts offered at the auction.

86.     On information and belief, Miller and Miller LLC conspired with the Lippard Defendants to commit the acts set forth herein with the purposes of defrauding ZHN and increasing the bidding activity/sales price of the properties and tracts offered at the auction.

87.     ZHN was the buyer and good faith bidder of properties and tracts at the auction and is entitled to damages as a result of Defendants' conspiracy to engage in and their participation in sham/phantom/shill bidding at the auction.

88.     That ZHN has been damaged as a result of Defendants' unlawful civil conspiracy and unlawful actions.

## V.     JURY DEMAND

89.     Plaintiff demands a jury trial.

## VI.     PRAYER

90.     ZHN is entitled to rescission of the contracts induced by Defendants' fraud/deceit and constructive fraud.

91.     Alternatively, ZHN is entitled to specific performance for the sale of RE Tracts and MI Tracts on which ZHN was the buyer/high bidder, runner-up bidder and/or a good faith bidder at the price of the last good faith bid.

92.     Alternatively, a result of the actions of Defendants, ZHN is entitled to damages, actual and punitive, in an amount in excess of $75,000, for the lost opportunity to purchase the properties offered at the auction at non-inflated prices, the lost opportunity to purchase the properties offered at the auction for the price of the last good faith and/or runner-up bids, the lost opportunity to purchase the properties offered at an honestly conducted absolute auction, the difference in value between the properties as represented and the value of the properties sold, and loss of income on the properties.

93.     Defendants' actions were done intentionally and with malice towards ZHN and the bidding public, entitling ZHN to an award of punitive damages.

94.     ZHN is entitled to an award of attorney fees against the Defendants for fees incurred in the prosecution of this action.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount in excess of $75,000 for actual and punitive damages, plus costs, disbursements, reasonable attorney's fees, interest, and such other relief the Court deems just and equitable.

Respectfully submitted,

s/Michael N. Brown
Murray E. Abowitz, OBA No. 000117
Michael N. Brown, OBA No. 10219
ABOWITZ TIMBERLAKE, DAHNKE & GISINGER, PC
P. O. Box 1937
Oklahoma City, OK 73101
Telephone:  (405) 236-4645
Facsimile:  (405) 239-2843
E-Mail:  mainmail@abowitzlaw.com
         mea@abowitzlaw.com
         mnb@abowitzlaw.com
***Attorneys for Plaintiff, ZHN, LLC***