# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) ZHN, LLC,

                Plaintiff,

v.

(1) RANDY MILLER, LLC,
(2) RANDY L. MILLER,
(3) LIPPARD AUCTIONEERS, INC.,
(4) TROY LIPPARD,
(5) ANGIE LIPPARD;
(6) BRADY LIPPARD,
(7) JERRY WHITNEY, and
(8) UNITED COUNTRY REAL
     ESTATE, INC.

                Defendants.

Case No. CIV-12-1289-M

**JURY TRIAL DEMANDED**

## ZHN, LLC'S ANSWER TO DEFENDANT RANDY MILLER, LLC'S COUNTERCLAIMS

Plaintiff, ZHN, LLC ("ZHN"), for its Answer to Randy Miller, LLC's ("Miller LLC") Counterclaims [Doc. No. 78], alleges and states as follows:

### I. Answer to Counterclaims

1. The allegations in ¶ 1 are admitted.

2. The allegations in ¶ 2 are admitted.

3. The allegations in ¶ 3 are admitted.

4. The allegations in ¶ 4 are admitted.

5. The allegations in ¶ 5 are admitted.

6. The allegations in ¶ 6 are denied.

7. The allegations in ¶ 7 are denied, except it is admitted that no closing was conducted on the properties in the day 1 Real Estate Purchase Contract and admits that ZHN has not yet paid the balance of the purchase price.

8. The allegations in ¶ 8 are denied, except that it is admitted that ZHN signed a Real Estate Purchase Contract for the purchase of certain tracts in the amount of $967,000.00.

9. The allegations in ¶ 9 of Miller LLC's Counterclaims are denied.

10. The allegations in ¶ 10 are denied, except that it is admitted that no closing was conducted on the properties in the day 2 Real Estate Purchase Contract and admits that it has not yet paid the balance of the purchase price.

## FIRST CAUSE OF ACTION

11. For response to ¶ 11, ZHN incorporates the preceding responses to ¶¶ 1-10 of the Counterclaims.

12. The allegations in ¶ 12 are admitted.

13. The allegations in ¶ 13 are denied.

14. The allegations in ¶ 14 are denied.

15. The allegations in ¶ 15 are denied.

16. The allegations in ¶ 16 are denied.

ZHN denies that Miller LLC is entitled any relief upon its First Cause of Action.

## SECOND CAUSE OF ACTION

17. For response to ¶ 17, ZHN adopts and incorporates its foregoing responses to ¶¶ 1-16 of the Counterclaims.

18. The allegations in ¶ 18 are admitted.

19. The allegations in ¶ 19 are denied.

20. The allegations in ¶ 20 are denied.

21. The allegations in ¶ 21 are denied.

22. The allegations in ¶ 22 are denied.

ZHN denies that Miller LLC is entitled any relief upon its Second Cause of Action.

## II. Affirmative Defenses and Matters of Avoidance

For affirmative defenses and matters of avoidance, ZHN states:

23. The Counterclaims fail to state a claim upon which relief may be granted.

24. Miller LLC has neither been damaged nor is it entitled to damages as alleged and prayed for in its Counterclaims.

25. ZHN adopts all of the allegations that it made against Miller LLC in its Third Amended Complaint [Doc. 76] as if fully set forth herein.

26. ZHN is entitled to both a set-off against Miller LLC's claims against ZHN for amounts that ZHN claims against Miller, LLC in its Second Amended Complaint filed on November 21, 2013, and an affirmative judgment against Miller LLC for amounts that ZHN claims against Miller, LLC in its Third Amended Complaint.

27. Miller LLC breached its contracts with ZHN by, among other things, failing to timely deliver abstracts on the properties to ZHN and failing to engage in, conduct in good faith, or attend mediation.

28. As alleged in ZHN's Third Amended Complaint, Miller LLC and Randy Miller, directly and through their agents and employees, including Lippard Auctioneers, Inc., Troy Lippard, Angie Lippard, Brady Lippard and Jerry Whitney, and United Country Real Estate, Inc. engaged in fraud, deceit and constructive fraud through, among other things, sham/phantom/shill bidding at the Auction in inducing ZHN to enter into contracts and in obtaining the day 1 and day 2 Real Estate Purchase Contracts and the contracts entered into at or after the Auction are subject to rescission or reformation at law or equity.

29. ZHN relied to its detriment on the Defendants' misrepresentations and omissions and has been misled to its detriment and injury by Defendants' fraud, deceit and constructive fraud, entitling it to damages, rescission, or reformation of the Auction contracts in equity or at law for the lowest of the prices of ZHN's high bid, runner-up bid or the price of the last good faith bid.

30. As alleged in ZHN's Third Amended Complaint, Miller LLC, directly and through its agents and employees, violated the Oklahoma Consumer Protection Act in obtaining the contracts with ZHN and the contracts are subject to reformation or rescission at law or equity.

31. ZHN was the buyer/high bidder, runner-up bidder and/or good faith bidder of properties, tracts and minerals offered at the Auction and is entitled to specific performance or damages at the price of the last good faith bid as a result of Miller LLC's and Miller LLC's agents' actions, including their misrepresentations, omissions, fraud, constructive fraud and sham/phantom/shill bidding at the Auction.

32. Miller LLC has unclean hands.

33. Miller LLC is estopped by its actions and the actions of its agents from asserting its Counterclaims against ZHN.

34. Miller LLC has waived rights under the contracts and has waived its right to assert its Counterclaims against ZHN.

35. Miller LLC has not first engaged in mediation as required by the day 1 and day 2 Real Estate Purchase Contracts with respect to the claims it asserts in its Counterclaims.

36. Miller LLC's Counterclaims are barred by the terms of the day 1 and day 2 Real Estate Purchase Contracts.

37. ZHN is entitled to attorney fees and court costs pursuant to the day 1 and day 2 Real Estate Purchase Contracts.

38. ZHN reserves the right to add affirmative defenses through the completion of discovery.

### III. Jury Demand

39. Plaintiff demands a jury trial on all claims and counterclaims.

WHEREFORE, having fully answered Miller LLC's Counterclaims, ZHN, LLC prays for judgment in its favor and against Miller LLC on Miller LLC's Counterclaims, for set-off, damages, rescission, or reformation as requested herein, and for the affirmative relief requested in ZHN, LLC's Third Amended Complaint, together with its costs and attorney fees, and such other relief which this Court deems just and equitable.

Respectfully submitted,

/s/ George W. Dahnke
Murray E. Abowitz, OBA No. 00117
George W. Dahnke, OBA No. 002131
ABOWITZ, TIMBERLAKE & DAHNKE, P.C.
105 North Hudson, Tenth Floor (73102)
P.O. Box 1937
Oklahoma City, OK 73101
Telephone: (405) 236-4645
Facsimile: (405) 239-2843
E-Mail: mailmail@abowitzlaw.com
mea@abowitzlaw.com
gwd@abowitzlaw.com
***Attorney for Plaintiff, ZHN, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of May, 2014, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic filing to the following ECF registrants:

Randy J. Long          randy@nwoklaw.com
Clint A. Claypole      clint@nwoklaw.com
*Counsel for Defendant, Randy Miller, LLC*
*and Randy L. Miller*

Timothy S. Harmon      timharmon@holdenlitigation.com
*Counsel for Defendants, Lippard Auctioneers, Inc.*
*Troy Lippard, Angie Lippard, Brady Lippard,*
*and Jerry Whitney*

/s/ George W. Dahnke
George W. Dahnke