# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZHN, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> RANDY MILLER, LLC, <br> RANDY L. MILLER, <br> LIPPARD AUCTIONEERS, INC., <br> TROY LIPPARD, <br> ANGIE LIPPARD, <br> JERRY WHITNEY and <br> UNITED COUNTRY REAL ESTATE, INC. d/b/a UNITED COUNTRY REAL ESTATE SERVICES, <br><br> Defendants. | Case No. CIV-12-1289-M |

## DEFENDANTS, RANDY MILLER LLC'S AND RANDY L. MILLER'S, REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND AND ADD NECESSARY PARTY

Defendants, Randy Miller LLC and Randy L. Miller, ("Miller") hereby submit this Reply in Support of the Motion for Leave to Amend and Add Necessary Party, allege, and state as follows:

Plaintiff failed to demonstrate adequate opposition to the joinder of Alexander Magid as a Plaintiff/Counter-Defendant to this cause.

I. **MILLER'S COUNSEL WAS DILIGENT IN PURSUING DISCOVERY, THE DELAYS IN OBTAINING THE NECESSARY INFORMATION WERE CREATED BY PLAINTIFF.**

Plaintiff claims in its Response that the Miller Defendants were not diligent in conducting discovery. Such a claim is disingenuous since **Plaintiff** is the cause of the delay in the deposition of Mr. Magid being taken. Miller first began attempt to schedule Mr. Magid's deposition in March of 2014. [*See* March 13, 2014 Letter from Clint Claypole to Murray Abowitz and Anton Rupert, attached as Exhibit "1."] Counsel for Miller followed up on that request via email on March 19, 2014. [Exhibit "2."] A month later, when no dates were provided, Counsel for Miller followed up with another email dated Aril 23, 2014. [Exhibit "3."] The parties later conducted a conference call and set a deposition schedule which included setting Mr. Magid's deposition for July 8. [*See* May 7, 2014 Letter from Randy J. Long with deposition schedule, attached as Exhibit "4."] That deposition was set with the understanding that Plaintiff would comply with Fed. R. Civ. P. 26 and provide damage calculations prior to the deposition. Plaintiff did not comply and did not provide the damage calculations. [Exhibit "5", Email from Tim Harmon to Murray Abowitz.] The deposition had to be stricken due to Plaintiff's failure and could not be rescheduled until the information was provided. Plaintiff even acknowledged this failure. [*See* July 7, 2014 Letter from Murray Abowitz, attached as Exhibit "6."] Plaintiff's damage calculations were not received until over 2 months later. [Exhibit "7", September 23, 2014 Letter from Murray Abowitz.] Counsel for Miller immediately obtained available dates and followed up with a request to schedule Mr. Magid's deposition.

[Exhibit "8", September 29, 2014 Letter from Randy J. Long.] Mr. Magid's deposition was then scheduled, taken and as soon as the transcript was received, Miller prepared ad filed its Motion to add Magid as a party. Furthermore, Defendant, served Defendant with discovery requests seeking the information regarding source of funds for the auction on July 30, 2014. Although a response was due August 30th, Plaintiff did not respond until September 15, 2014 and the letter that finally indicated that Magid, not ZHN was the source of funds, was not provided until October. Plaintiff was in possession of the single exhibit labeled "Cosigner Settlement" prior to the deposition. However, that single document did not give Counsel for Miller an adequate basis to allege a cause of action against Magid Individually under Fed. R. Civ. P. 11. The only delay in obtaining the information was caused by the Plaintiff and its failure to comply with Fed. R. Civ. P. 26 and provide timely responses. Plaintiff cannot use the delay it created to support its position.

   II.   **ANY DISCOVERY REQUIRED CAN BE DONE IN THE TIME CONSTRAINTS CURRENTLY SET BY THE COURT. PLAINTIFF'S REMAINING ARGUMENTS ARE MISLEADING AND NOT MATERIAL OR EVEN RELEVANT TO THIS MOTION.**

Miller's motion does state that no additional discovery will be required to support its existing counterclaims; Miller maintains that position as the breach in this case is simple and clear. There will be some discovery required for the claims regarding the "alter ego" of Mr. Magid and his personal liability. However, the Court's most recent scheduling order there is ample time to conduct this limited discovery.

### A. T. Turner Investments, LLC has nothing to do with this request.

Although Miller feels compelled to respond to the misleading claims regarding T. Turner Investments, LLC, they are not material or even relevant to the Motion seeking to add Magid. So, Miller will not waste the Court's time in responding with the large amount of evidence and testimony (ignored in Plaintiff's Response) that shows it was validly formed, had a legitimate purpose, was not part of a "conspiracy" and had more than one manager and diverse ownership from Randy Miller, LLC, the seller.

### B. The Consignor Settlement Document included as Exhibit 4 to the motion was truthfully and timely provided to the plaintiff. The arguments regarding it are a "red herring."

Plaintiff's response devotes much of its time to it claims of the "disturbing" nature of Exhibit "4" even going to the lengths of accusing Miller of aletering documents. These arguments, just as those regarding the discovery delays are disingenuous. A letter addressed to Murray E. Abowitz, Counsel for Plainitff, from Attorney Shawna McCalip, attorney for Defendant Lippard, dated August 27, 2014, provided the documents included in the Motion as "Exhibit 4" to the Plaintiff. [Exhibit "9."] Some of the documents produced in that letter were bate stamped "LIPPARD 1473-1480", documents that were **also produced before August 27, 2014** by Miller, as "Miller 823-831" as shown on the bottom right corner of those documents. It is unfortunate that the Lippard documents produced in that letter were labeled with duplicate bate stamped numbers. However, that is not the fault

of Defendants' Randy L. Miller and Randy Miller LLC that previously provided those same documents to Plaintiff in response to its own discovery requests.

The Defendants do not dispute that there are different types of Consignor Settlement statements in the overall discovery in this matter. For example, Miller # 833-836 is a Consignor Settlement Statement that only includes the surface tracts involved in the first day of the auction. [Exhibit "10."] Miller # 837-841 is also a Consignor Settlement Statement that includes all the surface tracts for both days of the auction (Miller's version was obtained by a response to a subpoena to Lippard issued by Plaintiff). [Exhibit "11."] It is common in any profession to produce different documents that summarize the same materials for different purposes. The Plaintiff may find it disturbing, that does not make it so. The fact is, the genesis of the document and how and when it was created will be fettered out at trial and has no relevance to Miller's Motion. It is another argument (such as the misleading claims about T. Turner Investments, LLC) intended to distract the court from the real issue.

### III. THE JOINDER OF MAGID IS REQUIRED UNDER THE APPROPRIATE LEGAL TEST DETERMINING A MANAGER'S LIABILITY FOR AN LLC

Under Fed. R. Civ. P. 19(a)(1)(a), a party must be joined if "in that person's absence, the court cannot accord complete relief among existing parties." Here, the court will not be able to provide complete relief to Defendants on their counterclaims against Plaintiff ZHN LLC without including some recourse against Al-

exander Magid individually. Alexander Magid was not only the financier of ZHN but his personal assets were to serve as the means of acquiring the contested properties at the auction.

To lose the protection of ZHN LLC, Magid's acts must have violated the business judgment rule. Tit. 19 Okla. Stat. § 2016. The business judgment rule can subject Magid to liability if he acted in self-dealing or conflict of interest. MTG Guarnieri Mfg., Inc. v. Clouatre, 239 P.3d 202, 213 (Okla. Civ. App. 2010) (citing Warren v. Century Bank corporation Inc, 741 P.2d 846 (Okla. 1987). Magid may also be liable for acts under the guise ZHN if the corporate veil of protection afforded to LLCs was pierced. The veil is pierced if there is such a unity of interest between Magid and ZHN that there are not two separate personalities. Sundance Energy Okla LLC v. Dan D Drilling Corp, CIV-13-991-R, 2014 WL 6606438 (W.D. Okla. Nov. 20, 2014); Ditty v. CheckRite, Ltd., Inc, 973 F.Supp. 1320, 1335-36 (D.Utah 1997). Although Oklahoma courts have not addressed piercing the corporate veil of an LLC, most states, including those in the tenth circuit, apply the following factors to the test: (1) if the LLC was adequately capitalized; (2) if the LLC was solvent; (3) if proper formalities of LLC existence were observed; (4) if the manager siphoned funds; and (5) if the LLC functioned as a façade for the manager.

The Plaintiff responded to the Motion by using irrelevant or over burdensome legal tests. The Plaintiff applied Broughton, a discussion of a subsidiary's actions for a parent company such that the corporate veil is pierced. Broughton v.

Cotter Corporation, 65 F.3d 823 (10th Cir. 1995). The Plaintiff also defined the factors for piercing the corporate veil by applying two cases, Gilbert and Frazier, that analyze whether dominant corporations may be held liable for subservient entitys' torts. Gilbert v. Security Finance Corporation of Oklahoma, 152 P3d 165 (Okla. 2006); Frazier v. Bryan Memorial Hospital Authority, 775 P.2d 281 (Okla. 1989). Those cases include many factors that are not applicable to a determination of a manager's liability for an LLC, e.g. if the corporation subscribes to its subsidiary's stock; or if the parent company refers to the subsidiary as its own division or just a department. Frazier at 288. When removing the factors only applicable to parent company/subsidiary tests, the remaining factors are similar to those used in most states, including in the tenth circuit: (1) if the LLC was adequately capitalized; (2) if the LLC was solvent; (3) if proper formalities of LLC existence were observed; (4) if the manager siphoned funds; and (5) if the LLC functioned as a façade for the manager.

Here, Magid stated in his deposition that ZHN did not have enough funds in its account to pay for everything it won the bid on and contracted for at the auction. Magid also stated he would cover that burden from his personal account. Magid also stated in his deposition that ZHN does not file tax returns and instead its income is reported on his personal income tax return. ZHN also responded to a request for verification of funds to close on the real estate transactions at issue here documents of only Magid' personal funds and there is no evidence to date that ZHN held such funds at any time. These omissions support that Magid only

used ZHN LLC as a name to bid for property with his own money for an entity that does not exist financially outside of Magid. Again, this is not an argument relevant to this Motion as the sufficiency of Millers claims against Magid can be tested in numerous ways once they are plead, which has not even occurred. Miller just seeks the ability to plead those claims.

Magid's relationship to the transactions as the sole financier through his personal assets, and not through ZHN as a intermediary possessor of the funding, is so pertinent to the issues in this case that continuing this suit without joining Magid as a party would impair the rights of the Defendants.

**DATED** this 19th day of December, 2014.

Respectfully submitted,

*/s/ Clint A. Claypole*
Randy J. Long, OBA #5515
Clint A. Claypole, OBA #30045
FIELD, TROJAN, LONG & CLAYPOLE, P.C.
Post Office Box 5676
Enid, Oklahoma 73702
Ph: (580) 233-4625
Email: randy@nwoklaw.com
Email: clint@nwoklaw.com
Attorneys for Defendants,
Randy Miller, LLC and Randy L. Miller

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of December, 2014, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit Notice of Electronic Filing to the following ECF registrants:

Murray E. Abowitz, mea@abowitzlaw.com
George W. Dahnke, gwd@abowitzlaw.com
Abowitz, Timberlake, Dahnke PC
P.O. Box 1937
Oklahoma City, Oklahoma 73101
Attorneys for Plaintiff, ZHN, LLC


Timothy S. Harmon, timharmon@holdenlitigation.com
Shawna L. McCalip, shawnamccalip@holdenlitigation.com
Holden & Carr
15 East Fifth Street, Ste. 3900
First Place
Tulsa, OK 74103
Attorneys for Defendant Lippard

                                          */s/ Clint A. Claypole*
                                          Clint A. Claypole