# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZHN, LLC,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>RANDY MILLER, LLC,<br>RANDY L. MILLER,<br>LIPPARD AUCTIONEERS, INC.,<br>TROY LIPPARD<br>ANGIE LIPPARD, and<br>JERRY WHITNEY<br><br>　　　　Defendant. | Case No. CIV-12-1289-M |

## DEFENDANTS', RANDY L. MILLER AND RANDY MILLER LLC, RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION FOR SUMMARY JUDGMENT OF RANDY MILLER, LLC AND RANDY L. MILLER

COMES NOW, the Defendants, Randy L. Miller, individually and Randy Miller, LLC, by and through their attorneys of record, and hereby respond in opposition to Plaintiff's Motion for an Extension of Time to Respond to Motion for Summary Judgment, filed herein on December 16, 2014. In opposition thereto, Defendants submit the following:

**I.　Information Obtained By the Sheens' Depositions Will Not Present Additional Facts that Rise to the Level of Good Cause required for an extension.**

Fed. R. Civ. P. 6(b) requires the movant to present "good cause" to extend the time for a response to the motion. The Plaintiff only presents one cause for its requested extension: to finish the depositions of Laura and Eddie Sheen so that it

may use the information gathered in response to the motion for summary judgment. However, the Sheens were only involved in the auction itself and the Defendants do not dispute any of the information regarding the auction in their motion for summary judgment.

Fed. R. Civ. P. 56(a) requires the court to grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Plaintiff will not obtain from the Sheens any new legal theories or case law to apply in its because the Sheens were merely participants in the auction and not parties to the suit or involved in any other aspect of the litigation. The Plaintiff will also not gain any knowledge with which to dispute the material facts applied in the Motion for Summary Judgment because the Sheens cannot have another view or recollection of the facts that occurred before and after the auction because the Sheens were not present at nor involved in those events.

Considering all possible responses to the Defendants' contentions in the Motion for Summary Judgment, the Sheens do not have information regarding what law to apply to this suit; the Sheens do not have the understanding required to comment on the use of the Commercial code to the auction; the Sheens also have no knowledge regarding the Plaintiff's legal inability to elect additional remedies; the Sheens will not be able to make allegations about Randy Miller's individual connection to the events outside of Randy Miller, LLC, as the Sheens were only present at the auction and have no other experiences observing the

connection between Randy Miller and Randy Miller LLC; and the Sheens do not have the ability to comment on the alleged bad faith breach of contract because the Sheens have no prior knowledge of the mediation that serves as the basis of the Plaintiff's bad faith claim.

Thus, obtaining additional testimony from the Sheens will not allow the Plaintiffs any additional facility to respond in a better manner to the Defendants' Motion for Summary Judgment.

**II. BY COMPLYING WITH THE COURT'S TIME RESTRAINTS IN SUBMITTING THE MOTION FOR SUMMARY JUDGMENT THE DEFENDANTS WERE ALSO PRECLUDED FROM PROCURING ADDITIONAL INFORMATION BUT MANAGED TO SUBMIT THE MOTION WITHOUT REQUIRING ADDITIONAL EVIDENCE.**

The Defendants submitted their Motion for Summary Judgment in a timely manner regardless of the events occurring after the deadline. Additional information has been gained in the time since the Motion through depositions. However, a motion for summary judgment was submitted for the reason that even when holding all of the Plaintiff's evidence as true, the law falls on the side of the Defendants Randy Miller and Randy Miller LLC. The Plaintiff should be able to respond without procuring additional information that will be inapplicable to the Motion that did not utilize such information or anything contrary to such information.

WHEREFORE, Defendants Randy L. Miller and Randy Miller, LLC, object to Plaintiff's Motion for Extension of Time to Respond to Motion for Summary Judgment of Randy Miller, LLC and Randy L. Miller, and respectfully request this court to deny the same.

DATED this 19th day of December, 2014.

Respectfully submitted,

By: /s/ *Clint A. Claypole*
Randy J. Long, OBA #5515
Clint A. Claypole, OBA #30045
FIELD, TROJAN, LONG & CLAYPOLE, P.C.
Post Office Box 5676
Enid, Oklahoma 73702
Ph: (580) 233-4625
Email: Randy@nwoklaw.com
Email: Clint@nwoklaw.com
Attorneys for Defendants,
Randy Miller, LLC and Randy L. Miller

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of December, 2014, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit Notice of Electronic Filing to the following ECF registrants:

Murray E. Abowitz, mea@abowitzlaw.com
George W. Dahnke, gwd@abowitzlaw.com
Abowitz, Timberlake, Dahnke PC
P.O. Box 1937
Oklahoma City, Oklahoma 73101
Attorney for Plaintiff, ZHN, LLC

Timothy S. Harmon, timharmon@holdenlitigation.com
Shawna L. McCalip, shawnamccalip@holdenlitigation.com
Holden & Carr
15 East Fifth Street, Ste. 3900
First Place
Tulsa, OK 74103
Attorney for Lippard Defendants

/s/ *Clint A. Claypole*
Clint A. Claypole