# Exhibit 1

# Subpoena to Pioneer Cellular

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF OKLAHOMA

| ZHN, LLC,<br>    Plaintiff,<br>V.<br>RANDY MILLER, LLC, et al.<br>    Defendants. | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1] CIV-2012-1289-M |

TO: Pioneer Cellular
118 East Roberts Avenue
Kingfisher, Oklahoma 73750

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit "A" attached.

| PLACE | DATE AND TIME |
| --- | --- |
| Abowitz, Timberlake & Dahnke, P.C., 105 N. Hudson, 10th Floor, Okla. City, OK 73102 | January 20, 2015, 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*[signature]* | DATE<br>December 30, 2014 |
| --- | --- |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | | |

George W. Dahnke     105 North Hudson, 10th Floor     Telephone: (405) 236-4645
Abowitz, Timberlake & Dahnke, P.C.     Oklahoma City, Oklahoma 73012     Fax: (405) 239-2843

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

|  |  |  |
|---|---|---|
| | PROOF OF SERVICE | |
| | DATE | PLACE |
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                            DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Exhibit "A"

## Definitions and Instructions

1. Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are hereby commanded to produce the documents and other items described in the following <u>on January 20, 2015, by mailing copies of such items to counsel for Plaintiff</u>:

George W. Dahnke, Esquire
Abowitz, Timberlake & Dahnke, P.C.
105 North Hudson, 10th Floor
Oklahoma City, Oklahoma 73102
Telephone: (405) 236-4645
Fax: (405) 239-2843

**<u>Electronically stored information should be produced in its original electronic format, with accompanying metadata, in the form or forms in which you ordinarily maintain it.</u>**

2. In order to allow objections to the production of documents and things to be filed, you should not mail or produce them until the date specified and if an objection is filed, you should not mail or produce them until the Court rules on the objection. Otherwise, you are instructed to mail such items to counsel for Plaintiff on January 20, 2015.

3. In the event you have questions or need further information, please contact either George W. Dahnke, Esquire or Debbie J. Crabb, Paralegal.

4. In the event you withhold any documents or other materials on grounds of privilege or otherwise, please provide a list of such documents or items and as to each such document or item, identify: (a) the date; (b) the author; (c) the addressee; (d) the nature of the document or item withheld; and (e) the grounds upon which the document or item is being withheld.

5. "Documents" as used herein means and includes without limitation any kind of written, printed, typed, recorded, electronic, graphic, photographed, or photocopied matter, including all non-identical copies and drafts of such matter, attachments to or enclosures with such matter. "Documents" includes all electronically stored information and accompanying metadata stored in any medium, and includes, without limitation, all text messages, emails, electronic messages, electronic communications in any form or format, and voice over IP communications and phone calls.

## Description of Documents and Items to be Produced

1. All documents which evidence, refer or relate to either of the following telephone numbers for the period of April 1, 2012 to July 1, 2012, including but not limited to telephone records, telephone bills, account records, and any other documents:

    (a) (580) 541-8091;
    (b) (580) 554-6544; and
    (c) (580) 395-2986.

2. All documents which evidence, refer or relate to accounts for telephones for the following during the period of April 1, 2012 to July 1, 2012, including but not limited to telephone records, telephone bills, account records, and any other documents:

    (a) Ronald L. Miller;
    (b) Katherine Miller; and
    (c) Miller Family Revocable Trust.