IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) ZHN, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-12-1289-M |
| | ) | |
| (1) RANDY MILLER, LLC | ) | |
| (2) RANDY L. MILLER, | ) | |
| (3) LIPPARD AUCTIONEERS, INC., | ) | |
| (4) TROY LIPPARD | ) | |
| (5) ANGIE LIPPARD, | ) | |
| (6) BRADY LIPPARD, and | ) | |
| (7) JERRY WHITNEY | ) | |
| (8) UNITED COUNTRY REAL ESTATE, INC. d/b/a UNITED COUNTRY AUCTION SERVICES AND UNITED COUNTRY REAL ESTATE SERVICES, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT UNITED COUNTRY REAL ESTATE, INC.'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT THEREOF**

COMES NOW Defendant, United Country Real Estate, Inc. d/b/a United Country ("United Country"), by and through its counsel, Holden & Carr, pursuant to Fed. R. Civ. P. 56, and hereby respectfully moves this Court to grant it summary judgment on all claims made against it by Plaintiff, based upon the grounds that there is no dispute as to any material fact and Defendant is entitled to summary

1

judgment.  In furtherance and support of its Motion, Defendant does hereby state and allege as follows:

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. United Country is a franchisor of real estate and auction offices with approximately 4,000 persons with franchise offices in the United States, Mexico, and Costa Rica. *See* Exhibit 1, Deposition of Jerry Jones, 15: 20 – 25, 16: 1, 52: 12 – 25, 53: 1 – 13.

2. Defendant Troy Lippard, on behalf of Lippard Auctioneers, Inc. entered into a franchise agreement with Defendant United Country on or about February 15, 2007. *See* Exhibit 2, Franchise Agreement. The Member Broker Franchise Agreement was automatically renewed on or around February 2012. *See* Exhibit 3, Renewed Franchise Agreement.

3. United Country and Lippard Auctioneers are independent contractors. United Country and Lippard Auctioneers are not joint venturers, partners, or agents of the other. *See* Exhibit 3, Renewed Franchise Agreement, Section 13.1; Exhibit 4, Deposition of Troy Lippard, 10: 24 – 25, 11: 1-15, 109: 22 – 24.

4. Lippard Auctioneers does not have to subscribe to United Country's way of doing business. *See* Exhibit 4, Deposition of Troy Lippard, 11: 16 – 24.

5.        United Country does not have control over the day to day operations of its franchisees. *See* Exhibit 1, Deposition of Jerry Jones, 48: 15 – 25, 51: 12 – 22.

6.        United Country does not have control over the hiring or training of employees of the franchisee, or the authority to direct the employees of the franchisee. *See* Exhibit 3, Renewed Franchise Agreement, Section 9.9, Section 13.1.

## ARGUMENT AND AUTHORITY

### I.        SUMMARY JUDGMENT STANDARD

Pursuant to Fed. R. Civ. P. 56(a), a court reviewing a motion for summary judgment must view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. *Doe v. City of Albuquerque*, 667 F.3d 1111, 1123 (10th Cir. 2012). Notwithstanding that it is United Country's burden to show that there is no issue of material fact, Plaintiff, to survive summary judgment, "must identify evidence that demonstrates the specific actions of each defendant and for which each defendant is allegedly responsible." *In re SandRidge Energy, Inc. Shareholder Derivative Litigation*, No. CIV–13–102–W, 2014 WL 4716006, at *8, n. 14 (W.D. Okla. September 22, 2014). "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party

will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Pursuant to the prescribed standard, Defendant United Country is entitled to judgment in its favor because it owes no duty to the Plaintiff and no agency relationship exists between it and Defendant Lippard Auctioneers, Inc.

## II. UNITED COUNTRY OWED NO DUTY TO PLAINTIFF

A mere franchisor-franchisee relationship does not suffice to impose a duty common-law liability on the franchisor. *See Rogers v. Anheuser-Busch, Inc.*, 491 F.3d 1165, 1170 (10th Cir. 2007). In the absence of control by the franchisor over the particular risk that caused the damages, a franchisor owes no general duty of care to third-persons. *See Pate v. Alian*, 2002 OK CIV APP 68. In *Pate v. Alian*, the plaintiff was injured in a motor vehicle accident by a patron of Pizza Inn, which was owned and operated by Alian as a franchisee of Pizza Inn, Inc. The franchise agreement contained provisions requiring Alian to list Pizza Inn, Inc. as an additional insured on all insurance policies, and a provision requiring Alian to procure licenses and permits and otherwise comply with state alcoholic beverage and other laws. However, those provisions did not demonstrate such control over the franchisee that Pizza Inn, Inc. would be subject to liability for failing to train or supervise the acts of its franchisee. The Court noted that "the decision to sell intoxicating beverages was that of the franchisee, and that the franchisee agreed

to abide by all state alcoholic beverages laws." The Court concluded that Pizza Inn, as franchisor, had no duty to Plaintiff. *Id.* at ¶28.

The instant case is no different. United Country neither possesses nor exercises any right of control over the day to day operations of Lippard Auctioneers. The Plaintiff can point to no language in the Member Broker Franchise Agreement, or otherwise, to show that United Country exercises any control or even any right to control the conduct of its franchisees in relation to auctions. Absent such right to control, Plaintiff's claims for negligent training and supervision fail as a matter of law because United Country owes no duty of care to the Plaintiff.

### III. NO AGENCY RELATIONSHIP EXISTS BETWEEN UNITED COUNTRY AND LIPPARD AUCTIONEERS, INC.

In order to hold United Country responsible for the actions of one of its franchisees, Plaintiff must show that the franchisee is an agent of United Country. The burden of proving agency is on the one asserting it, and such status is not presumed. *Enter. Mgmt. Consultants, Inc. v. State, ex rel. Okla. Tax Comm'n*, 1988 OK 91, ¶ 5. In deciding whether a franchisor may be held vicariously liable for acts of its franchisees, the court examines whether the franchisor controls the day-to-day operations of the franchisee, and more specifically, whether the franchisor exercises a considerable degree of control over the instrumentality at issue in a given case. *See Meyer Dairy, Inc. v. Nat'l Labor Relations Bd*, 429 F.2d 697, 701 - 702

(10th Cir. 1970); *Wendy Hong Wu v. Dunkin' Donuts, Inc.*, 105 F. Supp. 2d 83, 87 (E.D. NY 2000); *Schoenwandt v. Jamfro Corp.* 261 A.D.2d 117, 689 N.Y.S.2d 461 (1999) (summary judgment appropriate where relationship is "merely franchisor-franchisee" and there is no showing that franchisor "exercised complete domination and control [over franchisee's] daily operations or [that] such control resulted in plaintiff's injury"). A franchisor's exercise of some control and the passing of some monetary consideration from the franchisee to the franchisor is insufficient proof of the required detailed assertion of control necessary to establish an agency relationship. *Gabler v. Holder and Smith, Inc.*, 2000 OK CIV APP 107, ¶17.

All of Plaintiff's claims against United Country fail because they are based on the alleged improper conduct of one of its franchisees, Lippard Auctioneers, Inc. and Lippard Auctioneers, Inc.'s employees and no agency relationship exists between United Country and its franchisees. United Country franchises are independently owned and operated, and United Country is not liable for the conduct of its franchise offices or their employees. United Country entered into a franchise agreement with Defendant Lippard Auctioneers on or about February 15, 2007. The agreement was renewed in or around February 2012. The Agreement specifically states under Section 13.1 that "United and Franchisee are each independent contractors. United and Franchisee are not and shall not be

considered joint venturers, partners or agents of the other." This franchisor/franchisee relationship is further reinforced by the fact that Lippard Auctioneers does not have to subscribe to United Country's way of doing business Lippard Auctioneers has sole control over the training of its employees. Lippard Auctioneers has sole control over the hiring or firing of its employees. Finally, Lippard Auctioneers has sole authority to direct the actions of its employees. United Country's lack of control in these areas demonstrates that no partner or agency relationship exists between it and Lippard Auctioneers. It also emphasizes that United Country maintains a mere franchisor/franchisee relationship with Lippard Auctioneers and eliminates any argument that United Country has such control over Lippard Auctioneers' day-to-day operations so as to impose liability.

## CONCLUSION

WHEREFORE, Defendant United Country Real Estate, Inc. prays this Court grant its present Motion and, pursuant to Fed. R. Civ. P. 56, enter summary judgment against Plaintiff, that Plaintiff takes nothing thereby, that this Court award United Country its reasonable costs and attorneys' fees as may be allowed by law, and for any other and further relief this Court deems just and proper.

Respectfully submitted,

**HOLDEN & CARR**

*s/ Shawna L. McCalip*
Timothy S. Harmon, OBA #11333
Shawna L. McCalip OBA #31637
15 East 5th Street, Suite 3900
Tulsa, OK 74103
(918) 295-8888; (918) 295-8889 fax
ShawnaMcCalip@HoldenLitigation.com
TimHarmon@HoldenLitigation.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of January, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic filing to the following ECF registrants:

Murray E. Abowitz    mea@abowitzlaw.com

George W. Dahnke    gwd@abowitzlaw.com

Clint A. Claypole    Clint@nwoklaw.com

Randy J. Long    Randy@nwoklaw.com

*s/ Shawna L. McCalip*
Shawna L. McCalip

221.071