**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1)  ZHN, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-12-1289-M |
| | ) | |
| (1)  RANDY MILLER, LLC; | ) | |
| (2)  RANDY L. MILLER; | ) | |
| (3)  LIPPARD AUCTIONEERS, INC.; | ) | |
| (4)  TROY LIPPARD; | ) | |
| (5)  ANGIE LIPPARD; | ) | |
| (6)  BRADY LIPPARD; | ) | |
| (7)  JERRY WHITNEY; and | ) | |
| (8)  UNITED COUNTRY REAL | ) | |
| ESTATE, INC., d/b/a UNITED | ) | |
| COUNTRY AUCTION SERVICES | ) | |
| AND UNITED COUNTRY | ) | |
| REAL ESTATE  SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANT LIPPARD AUCTIONEERS, INC.'S**
**MOTION FOR LEAVE TO AMEND AND ADD NECESSARY PARTY**

On January 2, 2015, Defendant Lippard Auctioneers, Inc. ("Lippard") moved for leave to amend and add a necessary party [Doc. 184], that being Alex Magid, the sole member of the Plaintiff, ZHN, LLC.

I.      **THE APPLICATION IS NOT TIMELY.**

The operative Scheduling Order required that pleadings were to have been amended and additional parties added by March 26, 2014 [Doc. 66].  There has been no effort to seek any amendment to the Scheduling Order that addresses additional parties or amended pleadings.  More than nine (9) months after the expiration of that deadline,

Lippard requests that relief and as support adopts the Miller Defendants' Motion for the same relief [Doc. 142].

The Miller Defendants and Lippard occupy different postures in this litigation. Miller blames the lateness of its application on the lack of Plaintiff's disclosure of a precise damage model.  The methodology of the model was the subject of an original Rule 26 Disclosure, Discovery Responses and supplement on September 23, 2014. Lippard, the movant here, served as the auctioneer in the fraudulent auction enterprise. Lippard developed and was responsible for the auction records. ZHN and the Lippard Defendants communicated several times about the deficiency of the Lippard Defendants' discovery responses. Such were of great significance in developing the evidence to establish culpable conduct of the Lippard Defendants, as well the development of a damage calculation. The deposition of Alex Magid was delayed until the calculation was finally made and until there was some indication that the Lippard discovery responses were complete and accurate.  (See Ex. 1, Abowitz letter to Harmon/McCalip, July 15, 2014; and Ex. 2, Abowitz letter to Harmon/McCalip, October 29, 2014).

The Miller Defendants base their late application on the excuse of not knowing certain facts regarding the relationship between ZHN and Mr. Magid until the deposition of Mr. Magid and blame that on the delay in scheduling his deposition.  The delay, as apparent from Exhibits 1 and 2, was caused in great part by the Lippard Defendants' deficient discovery responses, which responses continued through the deposition of Angie Lippard, the last Lippard Defendant to be deposed on December 9, 2014.  (Ex. 3, Depo. of A. Lippard, pgs. 9-10).  The testimony of Ms. Lippard indicated that auction

bidding records regarding the principal shill/phantom bidder, T. Turner Investments, LLC, had been destroyed (Ex. 3, Depo. of A. Lippard, pgs. 17, 21).  Likewise, bidding auction notes taken by the ringmen, Jerry Whitney and Brady Lippard were also destroyed. (Ex. 4, Depo. of J. Whitney, pgs. 128-129; Ex. 5, Depo. of B. Lippard, pg. 31).

Further, the Lippard Defendants, knowing of the March Trial setting, waited almost a month after the Miller Defendants sought the same relief, before filing this motion.  On this ground alone, the relief sought should be denied.

## II.    LIPPARD IS UNABLE TO SHOW TO GOOD CAUSE WHY IT DID NOT SEEK THE RELIEFSOUGHT HERE WITHIN THE SCHEDULING ORDER DEADLINE.

The deadline set by this Court in the Amended Scheduling Order of February 24, 2014, established March 26, 2014, as the deadline for filing motions to add additional parties [Doc. 66].  That date has not been extended.  Rule 16(b)(4), Fed. Rules Civ. Proc. requires a showing of good cause for modification of deadlines set in scheduling orders. There is no such showing here.

To demonstrate good cause pursuant to Rule 16, the moving party must show it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay.  *Strope v. Collins, 315 F. App'x 57 (10th Cir. 2009).* Lippard has failed to show it was diligent in that regard.  In *Granite Southlands Town Center, LLC v. Alberta Town Center, LLC*, 2010 U.S. Dist. LEXIS 63954, 2010 WL 2635524 (D. Colo., 2010), the court stated:

> . . . deadlines to amend a party's pleading are set at the outset of the case to require [parties] to prioritize their discovery and attempt to obtain information that may be relevant to claim amendment sooner rather than later.

*Id.* at *7.

There is no adequate explanation for the delay here that suggests Lippard was acting with diligence in seeking this amendment. *Minter v. Prime Equipment, Co.*, 451 F.3d. 1196, 1204 (10th Cir. 2006).  The relief sought should be denied.

### III.     THE BASIS TO ASSERT AN ALTER EGO CLAIM IS LEGALLY INSUFFICIENT.

The general rule is that the individual and the corporation are two (2) separate and distinct legal entities.  The distinction is not ignored, unless it can be shown that there is a scheme to defraud.  *Seitsinger v. Dockum Pontiac, Inc*., 1995 OK 29, ¶ 10, 894 P.2d 1077; *Hulme v. Springfield Life Insurance Co*., 1977 OK 108 ¶ 15, 565 P.2d 666, 670. Here the Court has dismissed a fraud count in the Lippard counterclaim [Doc. 106].

Limited Liability Companies serve to protect their members from personal liability the same as corporations insulate the officers and stockholders from personal liability. See *Shelter Mortgage Corp. v. Castle Mortgage Co., L.C.*, 117 Fed. App'x. 6, 2004 U.S. App. LEXIS 19335 (10th Cir. 2004).

In *Boughton v. Cotter Corporation*, 65 F.3d 823, 836 (10th Cir. 1995).  The Tenth Circuit has determined that corporate veil exists for a reason that should be pierced only reluctantly and cautiously.  There is no basis to do that here.  The relief sought should be denied.

**IV.   THE REASONS FURNISHED BY LIPPARD ARE NOT SUFFICIENT WARRANT THE ADDITION OF MR. MAGID AS A PARTY.**

Lippard has adopted the Miller Defendants rational for adding Mr. Magid.  That is, Mr. Magid was a purchaser of real estate at the May 3rd and 4th Absolute Auction, not ZHN.  Miller directs the Court's attention to a Lippard document that showed Mr. Magid as purchaser.  The document to which they refer was prepared for the information of the seller.  (See Ex. 3, Depo. of A. Lippard, p. 47).

Miller, now Lippard, ignores another version of the same document that shows Magid acting as a member of ZHN was a purchaser of the properties.  (See Ex. 6, Consignor Settlement).  The Lippard Defendants also ignore that in their counterclaim filed May 22, 2014 they affirmatively pled in paragraphs 6 and 7 that ZHN executed the day 1 and day 2 Real Estate Purchase Contracts [Doc. 83].  Moreover, in Lippard's Invoice Detail of the "Randy Miller Land Auction" property purchases are as shown as "Zhn, Llc, Magid, Alexander" (See Ex. 7, Lippard 001729-001730).

Neither the Miller nor the Lippard Defendants provided any authority that Mr. Magid not being an employee of ZHN created a basis to add him as a party in this litigation. That fact is irrelevant to the issue of adding Mr. Magid.

The Miller and Lippard Defendants attempt to create another false trail by urging that Mr. Magid's testimony that ZHN, LLC does not file a tax return as ZHN's income is reported on his personal tax return requires Mr. Magid be added as a defendant.  The Miller and Lippard Defendants have not advised the Court that the income reporting described by Mr. Magid is consistent with IRS instructions.  ZHN is single member,

LLC.  Under IRS rules and regulations a single member LLC is not treated as a separate entity for federal income tax purposes. (26 CFR §§ 301.7701-1(a)(4), 301.7701-2(a)(2)(i), 301.7701-3).  Neither Miller nor Lippard cite any authority that these facts justify the disregard of the corporate formalities in this litigation.  The relief sought should be denied.

**V.     THE RELIEF SOUGHT WOULD ADD NEW ISSUES
THAT WOULD REQUIRE EXTENSIVE DISCOVERY.**

In *Gilbert v. Security Finance Corporation of Oklahoma*, 2006 OK 58, 152 P.3d 165 (Okla. 2006), the court set out nine (9) separate factors to be considered in a proceeding to pierce the corporate veil, as had previously been identified in *Frazier v. Bryan Memorial Hospital Authority*, 1989 OK 73, 775 P.2d 281 (Okla. 1989). The development of the facts required by *Gilbert* will likely trigger additional discovery beyond that contemplated.

Here, about a month before trial, Lippard suggests another avenue of discovery which is complicated and, if permitted to proceed, suggests that the amendment sought is for the purpose of delaying the case.  The relief sought should be denied.

**RELIEF REQUESTED**

Plaintiff, ZHN requests that the Court deny Lippard's Motion to Amend Pleadings and add Alex Magid, as an individual party on the grounds that the request is out of time and there is no adequate basis to justify the out-of-time request.  Furthermore, there is no adequate legal basis set forth for the amendment and any amendment will provoke additional discovery that could jeopardize the trial setting.

6

Respectfully submitted,

 /s/ Murray E. Abowitz
Murray E. Abowitz, OBA No. 00117
George W. Dahnke, OBA No. 2131
Abowitz, Timberlake & Dahnke, P.C.
105 North Hudson, Tenth Floor
Post Office Box 1937
Oklahoma City, Oklahoma 73102
Telephone:    (405) 236-4645
Facsimile:     (405) 239-2843
Email:  mea@abowitzlaw.com
            gwd@abowitzlaw.com
            mainmail@abowitzlaw.com

*Attorneys for Plaintiff, ZHN, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of January, 2015, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic filing to the following ECF registrants:

Randy J. Long              randy@nwoklaw.com
Clint A. Claypole          clint@nwoklaw.com

**Attorneys for Defendants, Randy Miller, LLC
and Randy L. Miller, Individually**

Timothy S. Harmon          timharmon@holdenlitigation.com
Shawna L. McCalip          ShawnaMccalip@HoldenLitigation.com

**Attorneys for Defendants, Lippard Auctioneers, Inc.
Troy Lippard, Angie Lippard, Brady Lippard,
Jerry Whitney and United Country Real Estate, Inc.
d/b/a United Country**

/s/ Murray E. Abowitz
Murray E. Abowitz