## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| **(1) ZHN, LLC,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**(1) RANDY MILLER, LLC,**<br>**(2) RANDY L. MILLER,**<br>**(3) LIPPARD AUCTIONEERS, INC.,**<br>**(4) TROY LIPPARD,**<br>**(5) ANGIE LIPPARD,**<br>**(6) BRADY LIPPARD,  and**<br>**(7) JERRY WHITNEY**<br>**(8) UNITED COUNTRY REAL**<br>    **ESTATE, INC. d/b/a UNITED**<br>    **COUNTRY REAL ESTATE**<br>    **SERVICES,**<br><br>    **Defendants.** | **Case No. CIV-12-1289-M** |
| **(1) RANDY MILLER, LLC,**<br>**(2) RANDY L. MILLER,**<br><br>    **Third Party Plaintiffs,**<br><br>**v.**<br><br>**(1) ALEXANDER MAGID**<br>    **a/k/a ALEX MAGID,**<br><br>    **Third Party Defendant.** | |

## DEFENDANTS, RANDY MILLER, LLC AND RANDY L. MILLER'S MOTION TO STRIKE PLAINTIFF'S WITNESS AND EXHIBIT LIST AND REQUEST FOR EXTENSION TO OBJECT TO PLAINTIFF'S WITNESS AND EXHIBIT LIST

**COME NOW** the Defendants, RANDY L. MILLER and RANDY MILLER, LLC, ("Miller Defendants") by and through their attorneys of record, RANDY J. LONG and CLINT A. CLAYPOLE, of the firm FIELD, TROJAN, LONG & CLAYPOLE, P.C., move the court for an order striking the Plaintiffs' Witness and Exhibit List, requiring Plaintiff to re-file its witness and exhibit list and limit the Plaintiff's list to the witnesses who are likely be called to testify at trial and to those exhibits that are likely to be used at trial.  In support of this motion Defendant states:

1. Pursuant to the pre-trial order entered by this court, Plaintiff filed its final witness and exhibit list on January 2, 2015 (Doc. 181).

2. The initial pretrial scheduling order filed August 6, 2014, requires "the listing of witnesses and exhibits shall separately state those expected to be called or used and those which may called or used if the need arises."

3. Plaintiff listed two hundred and one witnesses, while only labeling thirty-two of its listed witnesses "Will likely call", the remaining entries are labeled "Will likely not call," with six entries listed as generalized categories regarding any witness needed at trial.  (Doc. 181 @ 196-201).  One hundred and sixty-three "Will likely not call" witnesses, many of whom are only listed as having a bidder number and lacking any indication that they may be called or used for any need that could arise at trial.

4. Fed. R. Civ. P. 26(a)(3)(A)iii requires "an identification of each document or other exhibit, including summaries of other evidence – separately identifying those items the party expects to offer and those it may offer it the need arises."

5. The Plaintiff's exhibit list is not the type of trial-ready final lists required by the Court's Pretrial Order.  Plaintiff listed two hundred and eighty exhibits, of those many documents are repeated within the exhibit list several times, many exhibits that have Bates Stamped Numbers fail to list Bates Stamped Numbers, and there are many exhibits that list generalized categories which are composed of multiple documents that the Plaintiff refused to list separately as required e.g. "Documents and other items produced by Pioneer Cellular", "Documents and other items produced by Edward and Lori Sheen", etc . . .

6. The Plaintiff's list is excessive and repetitive and will subject the court to a flood of objections for a list of exhibits and witnesses that would be nearly impossible for the Plaintiff to enter in full at trial given potential time limits that may be placed upon the parties by the district court for the parties' trial presentations.

7. The witness and exhibit list does not comply with the directions and the spirit of the pre-trial scheduling order and does not allow Defendant to properly prepare for trial with respect to the witnesses and exhibits listed.

8. The current list will require an excessive and unnecessary amount of time to prepare objections which will result in unnecessary expense to the Miller Defendants.

9. The court need not put itself in the realm of resolving hypothetical disputes as to exhibits and deposition designations that the parties have no real intent of actually offering at trial and, in fact, could not actually be presented as a practical matter

given the time restrictions. *Carnegie Mellon University v. Marvell Technology Group, Ltd.,* Case No. 09-290 (W.D. Penn. Oct. 24, 2012).

10. Due to the Court's current s scheduling order, Defendants believe an order shortening Plaintiff's response time to this Motion is appropriate.

11. For the reasons stated above, the Miller Defendants also request an extension of time to respond with its objections pending the Court's decision on this motion. Su

**WHEREFORE**, Defendant asks the court to enter an order Striking Plaintiff's Witeness and Exhibit List, requiring Plaintiff to specify with particularity those witnesses who may be likely called on to testify at trial and those exhibits which may actually be introduced at trial and such other relief as this Court may deem just and equitable.

**DATED** this 12th day of January, 2015.

Respectfully submitted,

/S/ *Clint A. Claypole*
Randy J. Long, OBA #5515
Clint A. Claypole, OBA #30045
FIELD, TROJAN, LONG & CLAYPOLE, P.C.
Post Office Box 5676
Enid, Oklahoma 73702
Ph: (580) 233-4625
Email: Randy@nwoklaw.com
Email: Clint@nwoklaw.com
Attorneys for Defendant,
Randy Miller, LLC and Randy L. Miller

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 12th day of January, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Murray E. Abowitz | mea@abowitzlaw.com |
| George W. Dhanke | gwd@abowitzlaw.com |
| Timothy S. Harmon | timharmon@holdenlitigation.com |
| Shawna L. McCalip | shawnamccalip@holdenlitigation.com |

/S/ *Clint A. Claypole*
Clint A. Claypole