## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) ZHN, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>(1) RANDY MILLER, LLC,<br>(2) RANDY L. MILLER,<br>(3) LIPPARD AUCTIONEERS, INC.,<br>(4) TROY LIPPARD,<br>(5) ANGIE LIPPARD,<br>(6) BRADY LIPPARD,  and<br>(7) JERRY WHITNEY<br>(8) UNITED COUNTRY REAL<br>      ESTATE, INC. d/b/a UNITED<br>      COUNTRY REAL ESTATE<br>      SERVICES,<br><br>      Defendants. | Case No. CIV-12-1289-M |
| (1) RANDY MILLER, LLC,<br>(2) RANDY L. MILLER,<br><br>      Third Party Plaintiffs,<br><br>v.<br><br>(1) ALEXANDER MAGID<br>      a/k/a ALEX MAGID,<br><br>      Third Party Defendant. | |

## DEFENDANTS', RANDY MILLER, LLC AND RANDY L. MILLER, REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Defendants, RANDY MILLER, LLC and RANDY L. MILLER (hereinafter referred to collectively as "Miller Defendants"), hereby submit this Reply in Support of their Motion for Summary Judgment and allege and state as follows:

Plaintiff failed to cite any law that support its claims and failed to demonstrate the existence of genuine issues of material fact relevant to Defendant's Motion for Summary Judgment.

## I.     PLAINTIFF PRESENTED IRRELEVANT AUCTION LAWS THAT DO NOT CREATE ISSUES OF MATERIAL FACT.

Plaintiff attempts to avoid the use of state law in federal diversity jurisdiction matters by basing its foundation of auction law on Veazie v. Williams, a United States Supreme Court case from 1850.  49 U.S. 134 and a law review article summarizing livestock bidding is used in a lackluster attempt to rationalize the use of the dated federal case over that of Oklahoma state law.  Kershen, "Horse-Tradin': Legal Implications of Livestock Auction Bidding Practices" Arkansas Law Review 37 (1983) is a law review article that clearly deals with UCC auctions of goods.  Not only have Oklahoma courts never applied Veazie, but the case has not been used in any modern auction disputes. The Plaintiff does attempt to include some state law regarding "mock auctions", but failed to make any allegations or plead the existence of a "mock auction".  21 O.S. 1506.

Continuing its pursuit of inapplicable law outside the realm of real property, Plaintiff attempts to use an *analogy* to apply the Uniform Commercial Code (which by its own terms does not apply to this case).  However, a claim that because a few other states related *some* U.C.C. rules to land auctions, the Oklahoma Supreme Court likely would or

could do the same is ineffective.  Oklahoma, a state with a lengthy history and experience in land transactions and litigation, has not applied the U.C.C. to real estate despite ample opportunity; there is no indication Oklahoma would suddenly follow a few other states in applying some sections of the U.C.C. to real property.  Such an unlikely possibility cannot form the basis of an entire case.

## II.    PLAINTIFF'S RESPONSE MISCONSTRUES THE FACTS AND LAW IN AN ATTEMPT TO DENY ITS COMPLETE RESCISSION OF THE CONTRACTS

Plaintiff included a copious amount of facts into its discussion of contract rescission but such facts are irrelevant as the Plaintiff not only applied bad law but misconstrued the case law it cited.  Plaintiff states "The requirement of prompt action by a party seeking rescission under 12 O.S. § 235 is strictly enforced."  12 O.S. § 235 was repealed November 1, 1984, and should not be applied.  The Plaintiff also cites <u>Larkin v. Tallant</u> concerning fraudulent inducement and explains that different remedies are available in every situation that are outside the doctrine of election of remedies.  206 P.2d 982, 986 (Okla. 1949).  <u>Larkin</u> concerned the return of a down payment for a contract regarding the sale of property.  However, the <u>Larkin</u> Defendant sold the applicable property to another party thus making rescission impossible.  <u>Id</u>. at 986.  Here, rescission was possible; the properties the Plaintiff bid on were not already sold and are still not sold to other buyers.

Contrary to Plaintiff's Response, the Defendants are not seeking rescission of the contract because the Plaintiff already rescinded it.  Even considering the entirety of the Plaintiff's Disputed Facts as true, the facts remain that the Plaintiff, at its own request,

2

had its money from the auction returned in whole.   There is no such thing as partial

rescission and rescission was complete when the money was returned.

### III.   PLAINTIFF'S RESPONSE FAILS TO ALLEGE MORE THAN MERE CONJECTURE THAT RANDY MILLER IS LIABLE INDIVIDUALLY.

Plaintiff indicates instances of Randy Miller's involvement in the transactions at

issue that are simply conjecture.   However, there is no evidence that Randy Miller acted

individually and not through his position with Randy Miller LLC.   Plaintiff cited to its

Third Amended Complaint as evidence of individual claims against Randy Miller.   Not

only are there zero allegations of Randy Miller acting individually and not through Randy

Miller LLC in Plaintiff's Third Amended Complaint, but in ¶ 14 the Plaintiff alleges that

Randy Miller was "acting within the course and scope of their [his] employment,

authority or duties in furtherance of the duties of their [his] office, agency or

employment."

The Plaintiff fails to support its claims of piercing the corporate veil of Randy

Miller LLC.   TRC Envtl Corp. v. Quoddy Bay LNG LLC, defines how the protection of

an LLC can be pierced for fraud, but the Plaintiff misconstrues the opinion.   2011 WL

5429178 (W.D. Okla., 2011).   If an LLC is created or operated *only* for a fraudulent

purpose, then the limited liability protection may be pierced.   *Id.* at 3.   The Plaintiff

applied the opinion to any alleged perpetration of a fraud by an LLC and not the creation

of an entity for the single purpose of committing a fraud.   *Id.* at 3

Plaintiff has made no allegations that Randy Miller, LLC was formed for a

fraudulent purpose and has not plead any such claims.   No issues of fact exist as to

3

whether Miller operated Randy Miller, LLC for a fraudulent purpose alone and only.  Nor did the Plaintiff present any issues of material fact demonstrating Miller's individual liability outside that of Randy Miller LLC.

IV.     **PLAINTIFF'S RESPONSE DOES NOT INCLUDE ANY FACTS TO SUPPORT THE EXISTENCE OF A SPECIAL RELATIONSHIP REQUIRED FOR A BAD FAITH BREACH OF CONTRACT**

Plaintiff tried to use the auctioneer's claimed duty to the Plaintiff of honesty, integrity, and fair dealing as evidence of the existence of a special relationship with the Miller Defendants.  However, the Plaintiff failed to provide any law contrary to the Defendants' contentions in their Motion for Summary Judgment. Showing that the duties a voluntary private auctioneering association requires of its auctioneers created the special relationship between an auctioneer and the public is insufficient to create such a relationship.  Without such a special relationship there can be no bad faith breach of contract.  Furthermore, neither of the Miller Defendants are auctioneers, so such a relationship, if it were to exist under Oklahoma law, could not apply to them.  The Oklahoma Supreme Court has repeatedly held that a claim for bad faith cannot exist in a third-party beneficiary relationship.  *See* e.g. Hoar v. Aetna Cas. & Surety Co., 968 P.2d 1219, 1223 (Okla. 1998) (requiring a statutory or contractual relationship to be present in order to maintain an action for bad faith).  Plaintiff's claims of vicarious liability are not supported by Oklahoma law.  In fact a similar argument was specifically rejected by the Oklahoma Supreme Court in Gianfillippo v. Northland Cas. Co., 861 P.2d 308, 310 (Okla. 1993) (rejecting an argument that a third party beneficiary of a contractual duty of good faith and fair dealing to another could entitle the third party to maintain an action

4

for bad faith).

Plaintiff's claims for fraud fail for lack of duty.  Since the Miller Defendants have no statutory or contractual duty that creates a special relationship requiring some higher level of disclosure.  *See* Berman v. Lab Corp. of Am., 268 P.3d 68, 72 (Okla. 2011); Croslin v. Enerlex, Inc., 308 P.3d. 1041, 1046 (Okla. 2013) (a fraud claim for breach of an equitable or legal duty is a claim of constructive fraud and thus requires a special relationship to be present).

## CONCLUSION

The Plaintiff's Response includes many disputed facts but none of those disputed facts are material to the law applicable to this case as cited in the Defendants' Motion for Summary Judgment.  In fact, many of the Plaintiff's "additional facts that preclude summary judgment" are not even applied to law in Plaintiff's Response because they are redundant and unnecessary to resolving any of the legal issues before the court.  Considering all Plaintiffs' facts, the law lies firmly on the side of the Defendants that they are entitled to judgment as a matter of law.

DATED this 12th day of January, 2015.

Respectfully submitted,

/s/ Clint A. Claypole
Randy J. Long, OBA #5515
Clint A. Claypole, OBA #30045
FIELD, TROJAN, LONG & CLAYPOLE, P.C.
P.O. Box 5676
106 W. Randolph
Enid, OK 73702-5676
(580) 233-4625
Email: Randy@nwoklaw.com
Email: Clint@nwoklaw.com
Attorney for Defendants,
Randy Miller, LLC and Randy L. Miller

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of January, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit Notice of Electronic Filing to the following ECF registrants:

Murray E. Abowitz          mea@abowitzlaw.com
George W. Dhanke           gwd@abowitzlaw.com
Timothy S. Harmon          timharmon@holdenlitigation.com
Shawna L. McCalip          shawnamccalip@holdenlitigation.com

/s/ Clint A. Claypole
Clint A. Claypole