## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

(1)  ZHN, LLC,

                    Plaintiff,

v.

(1)  RANDY MILLER, LLC,
(2)  RANDY L. MILLER,
(3)  LIPPARD AUCTIONEERS, INC.,
(4)  TROY LIPPARD,
(5)  ANGIE LIPPARD;
(6)  BRADY LIPPARD,
(7)  JERRY WHITNEY, and
(8)  UNITED COUNTRY REAL ESTATE,
     INC. d/b/a UNITED COUNTRY
     AUCTION SERVICES AND UNITED
     COUNTRY REAL ESTATE SERVICES,

                    Defendants.

(1) RANDY MILLER, LLC,
(2) RANDY L. MILLER, and
(3) LIPPARD AUCTIONEERS, INC.,

                    Third Party Plaintiffs,

v.

(1) ALEXANDER MAGID
     a/k/a ALEX MAGID,

                    Third Party Defendant.

Case No.  CIV-12-1289-M

**JURY TRIAL DEMANDED**

## THIRD PARTY DEFENDANT ALEXANDER MAGID'S
## MOTION TO DISMISS RANDY MILLER LLC'S THIRD PARTY
## COUNTERCLAIM, LIPPARD AUCTIONEERS, INC.'S
## <u>THIRD PARTY COMPLAINT, AND BRIEF IN SUPPORT</u>

Alexander Magid[1] ("Magid"), an individual, respectfully moves the Court to dismiss Randy Miller LLC's ("Miller") alter-ego liability counterclaims (Doc. No. 189) and Lippard Auctioneers, Inc's ("Lippard") alter-ego complaint (Doc. No. 227) pursuant to 12 O.S. § 682 and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. In support of his motion, Magid submits the following concise brief.

## I.    Introduction

Miller, claiming that it only recently discovered that plaintiff ZHN, LLC ("ZHN") was undercapitalized and thus an alter-ego of its sole member Magid, sought leave to add Magid as a party and to amend its breach of contract counterclaims against ZHN so as to assert those same breach of contract claims against Magid individually under an alter-ego theory. (Doc. No. 142, Miller's Motion to Amend and Add Party, ¶5). This Court granted Miller's motion. (Doc. No. 173). In its amended counterclaims (Doc. No. 189), Miller fails to set forth sufficient facts to entitle it to relief against Magid.

Following Miller's lead, Lippard filed its motion to add Magid as a party (Doc. No. 184), adopting Miller's motion (Doc. No. 142) as the basis for the request. This Court granted Lippard's motion. (Doc. No. 211). In its Third Party Complaint (Doc. No. 227) Lippard similarly attempts to assert alter-ego breach of contract claims against Magid. Lippard fails to set forth sufficient facts to entitle it to relief against Magid.

Magid seeks dismissal of Miller's amended counterclaims and Lippard's third party complaint pursuant to Fed. R. Civ. P. 12(b)(6) because Oklahoma law *prohibits*

---

[1] Alexander Magid has not been personally served with a summons and complaint, but is voluntarily responding to the recently added alter-ego claims against him.

them from bringing alter-ego claims against Magid until they first obtain a judgment against ZHN and execution thereon is returned unsatisfied. *See* 12 O.S. § 682(B) & (D). Neither Miller nor Lippard have obtained a judgment against ZHN. Because neither has failed to satisfy the prerequisites mandated by §682 and because both have failed to plead sufficient facts to show that they are entitled to relief on their alter-ego claims against Magid, the Miller's counterclaims and Lippard's complaint should be dismissed.

## II.    Standard for Deciding this Motion

Fed. Rule Civ. Proc. 8(a)(2) requires that the pleader must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint must contain enough allegations of fact which, taken as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  At the dismissal stage, a court should accept all of Plaintiffs' well-pleaded factual allegations as true and construe them in the light most favorable to plaintiff. *Alvarado v. KOB-TV, L.L.C.,* 493 F.3d 1210, 1215 (10th Cir.2007).  However, in considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forrest Guardians v. Forsgren,* 478 F.3d 1149, 1160 (10th Cir. 2007).

### III.   The Allegations

#### A.   Miller's allegations

In its amended counterclaims, Miller asserts two causes of action for breach of contract against ZHN, and now against Magid individually under an alter-ego theory of liability, claiming that Magid is the sole member of a purportedly undercapitalized ZHN. (Doc. No. 189, Miller's Amended Counterclaims, pp. 13-17, ¶¶ 2, 8, 22, 25, 29, 35).

For its First Cause of Action – Breach of Contract, Miller asserts a claim for breach of the Day 1 contract against ZHN, and now against Magid under the alter-ego theory. (Doc. No. 189, Miller's Amended Counterclaims, p. 15, ¶ 29). While Miller admits, as it has all along in this litigation, that ZHN was the party that signed the Day 1 written contract (*Id.* p. 4, ¶ 20; *see also* Exhibit 1, Day 1 Contract[2]), Miller now claims that Magid should be held personally liable on the breach of Day 1 contract claim because ZHN is "a sham company that is simply an alter ego of" Magid. (*Id.* p. 15, ¶29).

For its Second Cause of Action – Breach of Contract, Miller asserts a claim for breach of the Day 2 contract against ZHN, and now against Magid under the alter-ego theory. (Doc. No. 189, Miller's Amended Counterclaims, p. 16, ¶ 35). While Miller admits, as it has all along in this litigation, that ZHN was the party that signed the Day 2 written contract (*Id.* p. 5, ¶ 28; *see also* Exhibit 2, Day 2 Contract), Miller now claims that Magid should be held personally liable on the breach of Day 2 contract claim because ZHN is "a sham company that is simply an alter ego of" Magid. (*Id.* ¶35).

---

[2] Because the Day 1 and Day 2 Contracts are central to Miller's and Lippard's claims, the Court may consider them in ruling on this Motion to Dismiss. *See GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381(10th Cir. 1997).

## B.    Lippard's allegations

In its Third Party Complaint, Lippard asserts one cause of action for breach of contract against ZHN, and now against Magid individually under an alter-ego theory of liability, claiming that Magid is the sole member of a purportedly undercapitalized ZHN. (Doc. No. 227, Lippard's Third Party Complaint, pp. 2-3, ¶¶ 6, 12, and 16).

Lippard asserts a claim for breach of the Day 1 and Day 2 contracts against ZHN (Doc. No. 83, ¶¶ 6-12), and now against Magid individually under an alter-ego theory. (Doc. No. 227, Lippard Third Party Complaint, pp. 3-5, ¶ 9-11, 17, 20-21, 24-25).  While Lippard admits, as it has all along in this litigation, that ZHN was the party that signed the Day 1 and Day 2 written contracts (Doc. No. 81, Lippard's Answer to ZHN's Third Amended Complaint, pp. 4-5, ¶ 20, 28; Doc. No. 227, Lippard's Third Party Complaint, p. 3, ¶¶ 9-10), Lippard now claims that Magid should be held personally liable on the breach of Day 1 and Day 2 contracts claim because ZHN is "a sham company and the alter ego of Magid." (Doc. No. 227, Lippard's Third Party Complaint, p. 2, ¶7).

## IV. Argument and Authorities

### A.    Miller's alter-ego counterclaims against Magid must be dismissed because Miller fails to allege the two key elements required by 12 O.S. § 682 to impose liability against Magid – 1) that Miller has obtained a judgment against ZHN, and 2) that an execution on the judgment has been returned unsatisfied.

Oklahoma substantive law expressly prohibits bringing a claim against a member of a limited liability company ("LLC") individually under an alter-ego theory of liability until (1) judgment has been obtained against the LLC and (2) execution on the judgment has been returned unsatisfied. See 12 O.S. § 682(B) & (D).  This statute provides, in part,

> B. No suit or claim of any nature shall be brought against any officer, director or shareholder for the debt or liability of a corporation of which he or she is an officer, director or shareholder, until judgment is obtained therefor against the corporation and execution thereon returned unsatisfied. This provision includes, but is not limited to, claims based on vicarious liability and alter ego. Provided, nothing herein prohibits a suit or claim against an officer, director or shareholder for their own conduct, act or contractual obligation arising out of or in connection with their direct involvement in the same or related transaction or occurrence.

[. . .]

> D. Members and managers of limited liability companies shall be afforded the same substantive and procedural protection from suits and claims as the protections provided to officers, directors and shareholders of a corporation as set forth in subsections B and C of this section.

12 O.S. § 682(B) & (D) (emphasis added).

Because this Court has diversity jurisdiction over this case (Doc. No. 13, Order), the substantive law of Oklahoma should be applied. See *Hanna v. Plumer*, 380 U.S. 460, 465, 85 S. Ct. 1136, 14 L. Ed. 2d 8 (1965). This Court, in *Racher v. Westlake Nursing Home Ltd. P'ship*, 2014 WL 2003041 (W.D. Okla. May 14, 2014), applied Section 682(b) substantively to dismiss an amended claim attempting to assert alter-ego liability against an individual,

> Having carefully reviewed the parties' submissions, and having carefully read section 682(B), the Court finds that section 682(B) is a substantive law. Section 682(B) sets forth two conditions that must be met before a party's alter ego claim arises. First, judgment must be obtained against the corporation, and second, execution on the judgment must be returned unsatisfied. Because section 682(B) clearly pertains to a substantive right — an alter ego claim, section 682(B) is a substantive law.

6

*Id.* at *2 (emphasis added). "Further, because no judgment has been obtained against [defendant], the Court finds that plaintiffs' alter ego claim against [individual] is premature under section 682(B) and should be dismissed." *Id.* at *3.

The plain language of Section 682 operates to prohibit Miller's breach of contract counterclaims against Magid under an alter-ego theory of liability because Miller has not obtained judgment against ZHN. For this reason, Miller's amended counterclaims for breach of contract against Magid should be dismissed.

**B.      Lippard's alter-ego complaint against Magid must be dismissed because Lippard fails to allege the two key elements required by 12 O.S. § 682 to impose liability against Magid – 1) that Lippard has obtained a judgment against ZHN, and 2) that an execution on the judgment has been returned unsatisfied.**

Magid here adopts the arguments and authorities set forth in Section IV(A) above. The plain language of Section 682 operates to prohibit Lippard's breach of contract complaint against Magid under an alter-ego theory of liability because Lippard has not obtained judgment against ZHN. For this reason, Lippard's complaint for breach of contract against Magid should be dismissed.

## V. <u>Relief Requested</u>

Third Party Defendant Alexander Magid respectfully requests that this Court dismiss Randy Miller, LLC's Third Party Counterclaims and Lippard Auctioneers, Inc.'s Third Party Complaint against him, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6) and 12 O.S. § 682.

Respectfully submitted,


/s/   Michael N. Brown
Michael N. Brown, OBA No. 10219
LAW OFFICES OF MICHAEL N. BROWN, PLLC
8112 NW 129th Place
Oklahoma City, OK  73142
Telephone:   (405) 205-8733
E-Mail: brownlawfirm@gmail.com

*Attorney for Third Party Defendant*
*Alexander Magid*


## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of January, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic filing to the following ECF registrants:

Randy J. Long            randy@nwoklaw.com
Clint A. Claypole        clint@nwoklaw.com
*Counsel for Defendant, Randy Miller, LLC*
*and Randy L. Miller*


Timothy S. Harmon        timharmon@holdenlitigation.com
Shawna L. McCalip        shawnamccalip@holdenlitigation.com
*Counsel for Defendants, United Country Real Estate, Inc.,*
*Lippard Auctioneers, Inc.Troy Lippard, Angie Lippard,*
*Brady Lippard,and Jerry Whitney*



Murray E. Abowitz        mea@abowitzlaw.com
George W. Dahnke         gwd@abowitzlaw.com
Nicolas D. Grimwood      ndg@abowitzlaw.com
*Counsel for Plaintiff, ZHN, LLC*


/s/   Michael N. Brown
Michael N. Brown