

PLAINTIFF'S EXHIBIT 35 Randy Miller

## REAL ESTATE PURCHASE CONTRACT
This is a legal binding contract. If not understood, seek legal advice.

THIS CONTRACT is made and entered into on this __3rd__ day of __May__ 2012, by and between

| | |
|---|---|
| Name: | Randy Miller, LLC |
| Address: | PO Box 1227, Enid OK 73702 |
| Phone: | 580.242.3701 |
| Email: | drillingmudsupply@att.net |

As Seller,

And

| | |
|---|---|
| Name: | THN, LLC or assignee |
| Address: | 1624 Tollgate Rd., Park City, UT 84098 |
| Phone: | 435-645-0781  702-904-5280 |
| Email: | a.magid@yahoo.com |

As Buyer,

Attorney to Examine: Jim Tack.
Robertson & Williams
9658 N. May Ave., Suite 200
Oklahoma City, OK 73120
405-848-1944  405-843-6707 (fax)
405-286-4690 (direct)

### PRICE AND TERMS

The Seller is the owner of and agrees to sell and the Buyer agrees to purchase on the terms and conditions set out in this contract:

I. **PROPERTY:** Property located in __Grant__ County, Oklahoma, subject to all easements and oil and gas leases of record and more particularly described as follows: *surface and water rights only!*

See Exhibit A

LESS AND EXCEPT AND RESERVING all oil, gas and mineral interests in and under the above conveyed property to Seller, their successors and assigns forever.
*Less and except and reserving all of the oil, gas and other hydrocarbons lying in and under and to be produced and mined therefrom.*

II. **PRICE:** The purchase price is __One eight hundred ninety two thousand five hundred__ Dollars ($ __1,892,500.00__).

III. **TERMS:** The purchase price is payable at the following times and in the following manner:
   a. An earnest money payment of ten percent (10%) of the purchase price to be in placed escrow at the time this contract is made in the amount of $ __189,250.00__ Type of payment Cash ( ) or Check ( )

Seller Initials _____   Buyer Initials _____

EXHIBIT 1

MILLER 13

      b. Cash at the time of closing in the amount of $ 1,703,250.00 plus the amount of any costs allocated to Buyer under provision 3.1 of this contract.

*All payments at closing will be made by wire transfer or immediately available funds such as cashier's check.*

IV. **TITLE EVIDENCE:** Seller agrees to furnish Buyer title evidence, according to the standards adopted by the Oklahoma Bar Association, showing marketable title vested in Seller.
    a. Subject title evidence will be in the form of (check one) ( X ) Abstract of title, or ( ) Commitment for Owner's Title Insurance.
    b. If title insurance is to be purchased, in lieu of abstracting, the cost of title insurance will be paid 100% by the Buyer. Said owner's title policy to insure Buyer to the extent of the total purchase price.
    c. If a duly certified abstract of the title including current U.C.C. Certification is to be furnished at Seller's expense, Buyer will either secure an owner's title insurance policy or obtain an attorney's title opinion at Buyer's expense.
    d. Upon delivery of abstract, certified to date, or current commitment for owners title insurance, Buyer will have a reasonable time, not to exceed 15 days, to examine the same and return the same to the Seller with any written objections concerning the marketability of the title or such rights will be deemed waived.
    e. If the title is defective, Buyer(s) shall specify the objection in writing to be delivered to the Seller(s), within thirty (30) days after such delivery of the abstract; the Seller(s) shall have the defects rectified within ninety (90) days from the date of delivery of such objection, but in case such defects in the title cannot be rectified within that time, this Contract shall be null and void and the money deposited as aforesaid shall be returned to the Buyer(s) and the abstract returned to the Seller(s).
    f. The title shall be conveyed by <u>Warranty Deed</u>
    g. The closing settlement fee shall be $400.00 and will be paid 50% by Seller and 50% by Buyer.

V. **TAXES AND ASSESSMENTS:** The Seller will pay all General Taxes to the calendar year and delinquent Personal Property Taxes. All General Taxes payable during or for the current calendar year of closing shall be pro-rated on the basis of said calendar year between Seller and Buyer at the time of closing with Buyer paying day of closing. If the amount of the General Taxes cannot be ascertained, such pro-ration shall be on the basis of the taxes paid for the

Seller Initials: /s/            Buyer Initials: AM

      b. Cash at the time of closing in the amount of $ 1,703,250.00 plus the amount of any costs allocated to Buyer under provision 3.1 of this contract.

*All payments at closing will be made by wire transfer or immediately available funds such as cashier's check.*

IV. **TITLE EVIDENCE:** Seller agrees to furnish Buyer title evidence, according to the standards adopted by the Oklahoma Bar Association, showing marketable title vested in Seller.
    a. Subject title evidence will be in the form of (check one) ( X ) Abstract of title, or ( ) Commitment for Owner's Title Insurance.
    b. If title insurance is to be purchased, in lieu of abstracting, the cost of title insurance will be paid 100% by the Buyer. Said owner's title policy to insure Buyer to the extent of the total purchase price.
    c. If a duly certified abstract of the title including current U.C.C. Certification is to be furnished at Seller's expense, Buyer will either secure an owner's title insurance policy or obtain an attorney's title opinion at Buyer's expense.
    d. Upon delivery of abstract, certified to date, or current commitment for owner's title insurance, Buyer will have a reasonable time, not to exceed 15 days, to examine the same and return the same to the Seller with any written objections concerning the marketability of the title or such rights will be deemed waived.
    e. If the title is defective, Buyer(s) shall specify the objection in writing to be delivered to the Seller(s), within thirty (30) days after such delivery of the abstract; the Seller(s) shall have the defects rectified within ninety (90) days from the date of delivery of such objection, but in case such defects in the title cannot be rectified within that time, this Contract shall be null and void and the money deposited as aforesaid shall be returned to the Buyer(s) and the abstract returned to the Seller(s).
    f. The title shall be conveyed by <u>Warranty Deed</u>
    g. The closing settlement fee shall be $400.00 and will be paid 50% by Seller and 50% by Buyer.

V. **TAXES AND ASSESSMENTS:** The Seller will pay all General Taxes to the calendar year and delinquent Personal Property Taxes. All General Taxes payable during or for the current calendar year of closing shall be pro-rated on the basis of said calendar year between Seller and Buyer at the time of closing with Buyer paying day of closing. If the amount of the General Taxes cannot be ascertained, such pro-ration shall be on the basis of the taxes paid for the

Seller Initials _____                Buyer Initials _AM_

preceding year. Seller to pay all unmatured special assessment liens, if any, at closing.

VI. **CONDITION OF PROPERTY:**
   a. This property is being sold AS-IS, WHERE-IS, subject to environmental problems and violations which may exist in or with respect to the property, if any. Buyer affirms by his and/or her signature(s) below, that Buyer has prior to signing this contract, inspected the property to Buyer's full and complete satisfaction.
   b. Until closing or transfer of possession, risk of loss to the property, ordinary wear and tear expected, shall be upon the Seller; after closing or transfer of possession, such risk shall be upon the Buyer.
   c. Unless otherwise agreed upon in writing, Buyer, by closing or taking possession of the property, shall be deemed to have accepted the property in its then condition, including fixtures thereon. Buyer is purchasing this property based on his own inspection and NO WARRANTIES are expressed or implied by Seller, or Seller's Broker or Buyer's Broker with reference to the condition of the property or any fixtures, that shall be deemed to survive the closing.
   d. Except for the provisions above, the Seller agrees to deliver the property and improvements thereon in their present condition, ordinary wear and tear excepted.

VII. **CLOSING/POSSESSION:** This sale shall be closed on or before
Circle Date:
June 15, 2012
(June 22, 2012)
June 29, 2012
July 6, 2012

unless the time of closing is extended as may be required by paragraph "IV" above, or by written agreement of the Seller and Buyer, with legal possession delivered to the Buyer at the time of closing and actual and complete possession of said real property to be given on or before closing, subject to current leases in effect.

VIII. **GOVERNMENT PAYMENTS:** Seller shall be entitled to receive all 2012 United States Department of Agriculture government payments payable on the property, if applicable.

**SPECIAL CONDITIONS:**

Buyer is purchasing 8 separate tracts as identified on Exhibit A. Each separate tract shall be treated as covered by a separate contact, with the purchase price as shown on Exhibit A. Separate abstracts shall be provided as to each separate tract.
At closing seller shall provide buyer with appropriate certificates of good standing and certificates of authority as requested by buyer.

Seller Initials _____   Buyer Initials _____

Buyer acknowledges by the signing of this purchase contract, that buyer has read and understands that this real estate transaction is not contingent upon the buyer obtaining financing and any default by the buyer will result in forfeiture of the 10% earnest money. Conservation Reserve Program: 2012 payment will be prorated to day of closing & Buyer must keep incompliance with existing terms of contract.
Possession: will be given after the harvest of the existing 2012 crops (wheat and Canola) on cultivated land and at closing on all grassland.

IX. <u>Fax Signatures:</u> All parties agree to accept facsimile signatures the same as an original signature.

X. <u>Brokerage Relationship Disclosure and Confirmation:</u> The parties to this transaction and the Licensees signed below acknowledge that they have made the following disclosures: The Listing Licensee is a (___Seller's Agent) (___Dual Agent) (___Designated Agent) (X Transaction Broker) and the Selling Licensee is a (___Seller's Agent) (___Buyer's Agent) (___Dual Agency) (___Designated Agent) (X Transaction Broker)

XI. Buyer expressly waives his/her rights to an appraisal of the property.

XII. <u>ALLOCATING THE COSTS:</u> It shall be the duty of the closing agent to allocate any costs of this transaction on a written settlement statement as follows:

| Seller's Costs | | Buyer's Costs | |
|---|---|---|---|
| Closing Settlement Fee | $200.00 | Closing Settlement Fee | $200.00 |
| Abstracting & Certification Fee | $250 & up | Title Opinion | $200 & up |
| Preparation of Deed | $75.00 | Recording Deed | $30.00 |
| Doc Stamps $1.50 per $1,000 | $ | Any cost charged by lenders, if any | $ |
| Attorney Fee, if any | $ | | |
| UCC Certification | $0 | Title Insurance | $ |
| Mineral Abstract Certificate, if needed | $0 | | |
| Commission | $ | The figures above are supplied for the purpose of providing an initial estimate of a Real Estate Transaction. There may be adjustments prior to closing based upon a change in circumstance or information provided | |
| Advertising Expense | $ | | |

XIII. <u>EFFECT:</u> This contract when executed by both Seller and Buyer, shall be binding upon and inure to the benefit of Seller and Buyer, their heirs, legal representatives, successors and assigns. This contract sets forth the complete understanding of Seller and Buyer and supersedes all previous negotiations, representations and agreements between them and their Brokers. This contract can only be amended, modified, or assigned by written agreement signed by both the Seller and Buyer.

Seller Initials _____    Buyer Initials _A M_

XIV. <u>DEFAULT</u>: (a) If the Buyer wrongfully refuses to close, the Seller and Buyer agree that since it is impracticable and extremely difficult to fix the actual damages sustained, the Earnest Money shall be forfeited as liquidated damages to the Seller, subject to deduction for expenses incurred and with one half of the balance thereof to be retained by United Country Lippard Auctioneers Inc., to apply on professional services. The Seller may, at his option seek specific performance. (b) If the Seller wrongfully refuses to close, the Buyer may, at his option, seek specific performance. (c) In the event a suit for specific performance is instituted, the prevailing party shall have the right to recover all such party's expenses and costs incurred by reason of such litigation including but not limited to reasonable attorney's fees and court costs.

XV. <u>MEDIATION CLAUSE</u>: Any disagreement or dispute arising from this contract shall first be mediated hereunder by a mediator mutually agreed upon by and between the parties; the parties agree to split equally the costs of the agreed mediator. In the event any matter regarding this contract is litigated, the prevailing party shall be entitles to recover his reasonable attorney's fees expended, plus court costs.

XVI. <u>ACCEPTANCE TIME</u>: The foregoing offer is made subject to acceptance in writing hereon by the Seller, and the return of an executed copy to the undersigned Buyer on or before Midnight, *May 3, 2012*. If not so accepted, the said Earnest Money is to be returned to the Buyer. TIME IS OF ESSENCE.

XVII. <u>DISCLAIMER:</u> It is expressly understood by the Seller and Buyer that the Lippard Auctioneers, Inc. and their Sales Associates/Brokers do not warrant the future value, size by square footage, condition, structure or structure systems of any building, nor do they hold themselves out to be experts in quality, design and construction, and further agree to hold United Country and/or Lippard Auctioneers Inc. or their Sales Associates/Brokers harmless of any of these events.

Seller: _[signature]_
Randy Miller, LLC

Buyer: _[signature]_
Alexander Magid
Managing member

LIPPARD AUCTIONEERS, INC.
Troy D. Lippard, Broker
Real Estate Broker License
· OK #084164 ♦ KS#BR00049950 ♦ AR#PB00067630 ♦ CO#100027515
1102 W BROADWAY AVE, ENID, OK 73703
580-237-7174 OFFICE 580-234-7800 FAX
LippardAuctions@gmail.com Email

United Country

Seller Initials _[initials]_                Buyer Initials _AM_

**Escrow Acceptance**

Now on this 3rd day of May 2012 the escrow agent, Troy D. Lippard, of Lippard Auctioneers 1102 W Broadway Ave., Enid OK acknowledges receipt of ($_____) in escrow on the above described agreement

Accepted By: _____

**EXCHANGE COOPERATION CLAUSE:**

Select the appropriate cooperation clause Buyer hereby acknowledges it is the intent of the Seller to affect an IRC Section 1031 tax deferred exchange which will not delay the closing or cause additional expense to the Buyer. The Seller's rights under this agreement may be assigned to _____ An Qualified Intermediary, for the purpose of completing such an exchange. Buyer agrees to cooperate with the Seller and in a manner necessary to complete the exchange.

Seller hereby acknowledges it is the intent of the Buyer to affect an IRC Section 1031 tax deferred exchange which will not delay the closing or cause additional expense to the Seller. The Buyer's rights under this agreement may be assigned to _____ a Qualified Intermediary, for the purpose of completing such an exchange. Buyer/Seller agrees to cooperate with the Buyer/Seller and _____ in a manner necessary to complete the exchange.

SELLER INITIALS /s/    BUYERS INITIALS _____
Seller Planning 1031      Buyer Planning 1031
☐ Check                   ☐ Check

Seller Initials /s/                               Buyer Initials /AM/

MILLER 18

| | Exhibit A | | |
|---|---|---|---|
| Tract | Title | Amount | Buyer Initial |
| 1 | NE/4 8-28N-6W 160± acres | | |
| 2 | SE/4 7-28N-6W 160± acres | | |
| 3 | NE/4 18-28N-6W 160± acres | | |
| 4 | SE/4 18-28N-6W 160± acres | | |
| Combination 3 & 4 | NE/4 18-28N-6W 160± acres & SE/4 18-28N-6W 160± acres | | |
| 5 | S/2 of SW/4 17-28N-6W 80± acres | | |
| ✓6 | NE/4 20-28N-6W 160± acres | 110,000 | AM /M |
| 7 | N PT NE/4 30-28N-6W 107± acres | | |
| 8 | NW/4 30-28N-6W 160± acres | | |
| 9 | SW/4 30-28N-6W 160± acres | | |
| Combination 7, 8 & 9 | N PT NE/4 30-28N-6W 107± acres & NW/4 30-28N-6W 160± acre & SW/4 30-28N-6W 160± acres | | |
| ✓10 | N/2 of SE/4 6-27N-6W 80± acres | 65,000 | AM /M |
| 11 | SE/4 5-27N-6W 160± acres | | |
| ✓12 | SE/4 7-27N-6W 160± acres | 157,500 | AM /M |
| 13 | NE/4 8-27N-6W 160± acres | | |
| 14 | NW/4 8-27N-6W 160± acres | | |
| 15 | SE/4 8-27N-6W 160± acres | | |
| 16 | SW/4 8-27N-6W 160± acres | | |
| Combination 13, 14, 15 & ✓ 16 | NE/4 8-27N-6W 160± acres & NW/4 8-27N-6W 160± acres & SE/4 8-27N-6W 160± acres & SW/4 8-27N-6W 160± acres | 650,000 | AM /M |
| 17 | NW/4 9-27N-6W Grant County OK 160± acres | | |
| 18 | SE/4 18-27N-6W Grant County OK 160± acres | | |
| 19 | SW/4 18-27N-6W 160± acres | | |
| 20 | NE/4 18-27N-6W 160± acres | | |
| Combination 18, 19 & 20 | SE/4 18-27N-6W 160± acres & SW/4 18-27N-6W 160± acres & NE/4 18-27N-6W 160± acres | | |
| 21 | NW/4 17-27N-6W 160± acres | | |
| 22 | NW/4 17-27N-6W 160± acres | | |
| Combination 21 & 22 ✓ | NW/4 17-27N-6W 160± acres & ~~NW/4~~ SW/4 17-27N-6W 160± acres | 310,000 | AM /M |
| 23 | SW/4 17-27N-6W 160± acres | AM /M | |
| 24 | NW/4 19-27N-6W 160± acres | | |
| 25 | NE/4 28-27N-6W 160± acres | | |

MILLER 19

| | | | |
|---|---|---|---|
| 26 | NW/4 28-27N-6W 160± acres | | |
| Combination 25 & 26 | NE/4 28-27N-6W 160± acres & NW/4 28-27N-6W 160± acres | | |
| 27 | NE/4 32-27N-6W 160± acres | | |
| 28 | NW/4 32-27N-6W 160± acres | | |
| 29 | S/2 32-27N-6W 160± acres | | |
| Combination 27, 28 & 29 ✓ | NE/4 32-27N-6W 160± acres & NW/4 32-27N-6W 160± acres & S/2 32-27N-6W ~~160± acres~~ 320± acres AM/11 | 600,000 AM/11 | |
| 30 | N/60 acres of NW/4 5-26N-6W 60± acres | | |
| 31 | S/97 Acres of NW/4 5-26N-6W 97± acres | | |
| Combination 30, 31 | N/60 acres of NW/4 5-26N-6W 60± acres & S/97 Acres of NW/4 5-26N-6W 97± acres | | |