## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) ZHN, LLC,**<br><br>      **Plaintiff,**<br><br>**v.**<br><br>**(1) RANDY MILLER, LLC,**<br>**(2) RANDY L. MILLER,**<br>**(3) LIPPARD AUCTIONEERS, INC.,**<br>**(4) TROY LIPPARD,**<br>**(5) ANGIE LIPPARD,**<br>**(6) BRADY LIPPARD,  and**<br>**(7) JERRY WHITNEY**<br>**(8) UNITED COUNTRY REAL**<br>    **ESTATE, INC. d/b/a UNITED**<br>    **COUNTRY REAL ESTATE**<br>    **SERVICES,**<br>      **Defendants.** | **Case No. CIV-12-1289-M** |
| **(1) RANDY MILLER, LLC,**<br>**(2) RANDY L. MILLER,**<br>**(3) LIPPARD AUCTIONEERS, INC.,**<br><br>      **Third Party Plaintiffs,**<br><br>**v.**<br><br>**(1) ALEXANDER MAGID**<br>    **a/k/a ALEX MAGID,**<br><br>      **Third Party Defendant.** | |

## DEFENDANTS' JOINT MOTION TO STRIKE PLAINTIFF'S WITNESS DREW KERSHEN FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 26

**COME NOW** Defendants, Randy Miller, LLC, Randy L. Miller, Lippard Auctioneers, Inc., Troy Lippard, Angie Lippard, Brady Lippard, Jerry Whitney and United Country Real Estate, Inc. d/b/a United Country Real Estate Services, by and through their undersigned counsel and pursuant to the Court's December 9, 2014, Order [Doc. 143], respectfully move this Court to exclude the testimony of the Plaintiff's witness Drew Kershen for failure to comply with Fed. R. Civ P. 26.

In support of this Motion, Defendants provide to the Court the following:

## I.   PLAINTIFF'S WITNESS DREW KERSHEN WILL TESTIFY AS AN EXPERT WITNESS.

Even though Plaintiff does not identify Drew Kershen as an expert witness in its Witness and Exhibit List [Doc. 181, Witness No. 87], Plaintiff treats Kershen as an expert witness and he believes his testimony will be as an expert witness. The expert witness procedures required by Fed. R. Civ. P. 26 apply to the following:

> [I]f the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. Fed. R. Civ. P. 26(a)(2)(B).

The purpose of this motion is not to argue that Kershen is an improper Expert witness under the previously submitted Daubert Motion [Doc. 263] it is to strike Kershen from testifying if the court determines he may properly testify, because Plaintiff violated Fed. R. Civ. P. 26 regarding identifying him and his opinions.

Plaintiff's witness list states that Kershen "Will testify regarding his research as to practices and procedures of absolute auctions." [Doc. 181,

Witness No. 87].  Kershen states "My role as I understand it in this case is to be an expert witness to talk about this . . . be available as an expert witness." Exhibit 1, Kershen Dep. 6:16-21.  Kershen also states that by the latest in November 2014 he knew that he would be, according to the Plaintiff's attorney, an expert witness.  Exhibit 1,Kershen Dep. 54:7-55:1.  Even at Kershen's deposition when Plaintiff's attorney was attempting to claim the use of Kershen as a lay witness only, counsel stated that he would be using Kershen based on his experiences, not his witness observations at the auction or involving the disputed actions he witnessed (as a lay witness would).  Kershen Dep. 62:12-23.  And, Kershen himself said that he would be testifying on the auction, remedies, last good faith bid, and auction procedures. Kershen Dep. 63:14-64:4. Kershen not only believed he was serving as an expert witness and was treated as an expert witness, but he was paid and employed to be a witness (unlike a lay witness). Exhibit 1, Kershen Dep. 7:9-15, 28:4-5, 29:1-30:4  Thus Fed. R. Civ. P. 26 applies to Kershen.

## II.   EXPERT WITNESSES MUST BE DISCLOSED

Fed. R. Civ. P. 26(a)(2)(B) requires the party presenting expert testimony to identify the expert witness as an expert witness.  Fed. R. Civ. P. 26(a)(2) provides the requirements for introducing expert testimony and include an affirmative duty to identify certain expert information before an expert witness is permitted to testify.  In *Kastner v. Intrust Bank*, 569 Fed. Appx. 593, 600-01 (10th Cir., 2014), the Plaintiff attempted to serve as his own expert witness before

responding to the Defendant's other challenges to his expert testimony the court determined that he could not serve as an expert witness because he did not designate himself as such at the appropriate time.  In *Dale K. Barker Co., P.C. v. Valley Plaza*, 541 Fed .Appx. 810, 815 (10th Cir. 2013), an expert report was in question because it did not include any of the expert witness's opinions; the report was struck and the expert testimony was denied. Here, Plaintiff did not submit an expert report for Kershen at all.

Plaintiff violated the Fed. R. Civ. P. 26 by not identifying Kershen as an expert witness in its Witness and Exhibit List [Doc. 181, Witness No. 87] when that is clearly the role Plaintiff sought to have him serve. For expert witnesses a written report is required that is prepared and signed by the witness and that contains a complete statement of all opinions that the expert will present, the expert's basis and reasoning for the opinions, and the information used in forming that opinion. Fed. R. Civ. P. 26(a)(2)(B).  The expert report must also contain the expert's qualifications, authored publications for the past ten years, cases the expert has testified in for the past four years, and all cases the expert has been deposed for within the past four years. Fed. R. 26(a)(2)(B).  Plaintiff never provided any form of such a statement.  Kershen admitted that he did not even prepare an expert report or disclosure and was not asked to, nor did he provide a list of cases he previously testified in or was deposed for. Exhibit 1, Kershen Dep 20:12-23.  Kershen only wrote a summary of his legal search

regarding the case.   Exhibit 1, Kershen Dep. 28:17-29:22. That summary has also not been produced or otherwise provided to the Defendants.

## II.   PLAINTIFF CANNOT JUSTIFY AN EXCEPTION TO THE MANDATORY DISCLOSURE REQUIREMENTS OF EXPERT WITNESSES

Unless the Court orders or the parties stipulate to it, an expert witness is required to provide a written report.  Fed. R. Civ. P. 26(a)(2)(C). If the parties to a dispute do not provide or direct the court to anything on the record providing for an expert witness to testify without providing a written report, the expert witness testimony is not proper.  *Kastner v. Intrust Bank,* 569 Fed.Appx. 593, fn 6 (10th Cir., 2014) (interpreting Fed. R. Civ. P. 26(a)(2)(C)).  The *Dale K. Barker* court also stated that "even experts who aren't required to file reports still need to disclose "a summary of the facts and opinions to which [they are] expected to testify"—something Mr. Barker failed to do." 541 Fed .Appx. at 815.  Here, the Plaintiffs have not sought such an order or stipulation by the defendants and have no other justification for their lack of an expert report for Kershen. Pursuant to Fed. R. Civ. P. 37(c)(1) the Plaintiff should not be allowed to use Kershen as a witness in this matter as he was not properly disclosed.

## CONCLUSION

Kershen has clearly been retained to give opinions in this matter based on his specialized knowledge and training. Based on his own testimony, Plaintiff clearly hired him as an expert witness. Plaintiff has wholly failed to comply with the disclosure requirements regarding expert witnesses with regard to him.

Defendants respectfully request this Court to exclude the testimony of the Plaintiff's witness Drew Kershen for failure to comply with Fed. R. Civ P. 26 and for such other relief as the Court deems appropriate under Fed. R. Civ. P. 37(c).

Respectfully submitted,

By: _/s/ Clint A. Claypole_____
Randy J. Long, OBA #5515
Clint A. Claypole, OBA #30045
FIELD, TROJAN, LONG & CLAYPOLE, P.C.
Post Office Box 5676
Enid, Oklahoma 73702
Ph: (580) 233-4625
Email: Randy@nwoklaw.com
Email: Clint@nwoklaw.com
Attorneys for Defendants,
Randy Miller, LLC and Randy L. Miller

-and-

By: _/s/ Timothy S. Harmon_____
Timothy S. Harmon, OBA #11333
Shawna L. McCalip, OBA # 31637
Holden & Carr
15 East Fifth Street, Ste. 3900
First Place
Tulsa, OK 74103
timharmon@holdenlitigation.com
shawnamccalip@holdenlitigation.com
Attorneys for Lippard Defendants and United County Real Estate d/b/a/ United County

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of February, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit Notice of Electronic Filing to the following ECF registrants:

Murray E. Abowitz, mea@abowitzlaw.com
George W. Dahnke, gwd@abowitzlaw.com
Nicolas D Grimwood     ndg@abowitzlaw.com
Abowitz, Timberlake, Dahnke PC
P.O. Box 1937
Oklahoma City, Oklahoma 73101
Attorney for Plaintiff, ZHN, LLC
Attorneys for Third Party Defendant Alexander Magid

Michael N. Brown, brownlawfirm@gmail.com
Law Offices of Michael N. Brown PLLC
8112 NW 129th Place
Oklahoma City, OK 73142
Attorney for Third Party Defendant Alexander Magid


/s/ *Clint A. Claypole*
Clint A. Claypole


/s/ *Timothy S. Harmon*
Timothy S. Harmon