# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZHN, LLC, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. CIV-12-1289-M |
| RANDY MILLER, LLC, et al., | ) |
|     Defendants, | ) |
| RANDY MILLER, LLC, et al., | ) |
|     Third Party Plaintiffs, | ) |
| v. | ) |
| ALEXANDER MAGID a/k/a ALEX MAGID, | ) |
|     Third Party Defendant. | ) |

## ORDER

Before the Court is Third Party Defendant Alexander Magid's ("Magid") Motion to Dismiss Randy Miller LLC's Third Party Counterclaim, Lippard Auctioneers, Inc.'s ("Lippard Auctioneers") Third Party Complaint and Brief in Support, filed January 23, 2015. On February 6, 2015, Lippard Auctioneers responded. Based on the parties' submissions, the Court makes its determination.

Plaintiff ZHN, LLC ("ZHN") filed this action on November 21, 2012, against defendants Randy L. Miller and Randy Miller, LLC (collectively, the "Miller Defendants").[1] On November 21, 2013, ZHN amended its complaint and added defendants Lippard Auctioneers, Troy Lippard, Angie Lippard, Brady Lippard, and Jerry Whitney (collectively, the "Lippard Defendants"), and

---

[1] On March 5, 2015, ZHN filed a Notice of Partial Settlement advising the Court that it had settled all claims with the Miller Defendants, including the Third Party Counterclaim against Magid. As a result, the Miller Defendants are no longer parties in this action.

on December 12, 2013, the Lippard Defendants filed their answer and cross claims against ZHN.[2] On January 20, 2015, after being granted leave of Court, Lippard Auctioneers filed its Third Party Complaint against Magid.[3]

Magid now moves this Court to dismiss Lippard Auctioneers' Third Party Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will

---

[2] On May 2, 2014, ZHN filed its Third Amended Complaint adding defendant United Country Real Estate, Inc. d/b/a United Country Auction Services and United Country Real Estate ("United Country"). On May 22, 2014, the Lippard Defendants, including United Country, filed their answer and counter claims against ZHN.

[3] Alexander Magid is ZHN's sole managing member.

not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Magid asserts that, pursuant to Okla. Stat. tit. 12, § 682(B) and (D) ("§ 682 (B) and (D)"), Lippard Auctioneers' claim is premature because no judgment has been obtained against ZHN. § 682(B) and (D) provides:

> B. No suit or claim of any nature shall be brought against any officer, director or shareholder for the debt or liability of a corporation of which he or she is an officer, director or shareholder, until judgment is obtained therefor against the corporation and execution thereon returned unsatisfied. This provision includes, but is not limited to, claims based on vicarious liability and alter ego. Provided, nothing herein prohibits a suit or claim against an officer, director or shareholder for their own conduct, act or contractual obligation arising out of or in connection with their direct involvement in the same or related transaction or occurrence.
>
> *     *     *     *     *
>
> D. Members and managers of limited liability companies shall be afforded the same substantive and procedural protection from suits and claims as the protections provided to officers, directors and shareholders of a corporation as set forth in subsections B and C of this section.

Okla. Stat. tit. 12, § 682 (B) and (D). Lippard Auctioneers contends that § 682 (B) and (D) is inapplicable in this case because § 682 (B) and (D) did not become effective until November 1, 2013, after ZHN's right of recovery arose.

3

Having reviewed Lippard Auctioneers' Third Party Complaint, the Court finds that Lippard Auctioneers' alter-ego claim against Magid is premature. The Court specifically finds that Lippard Auctioneers was not added as a party to this lawsuit until November 21, 2013, and further, Lippard Auctioneers did not assert its initial cross claim against ZHN until December 12, 2013, after § 682 (B) and (D) had become effective. Lippard Auctioneers further asserts that it is not just bringing an alter-ego claim against Magid but is bringing an individual claim against Magid for his conduct during the auction that is the subject of this suit. If Lippard Auctioneers was truly bringing an individual claim against Magid for his conduct during the auction, then its claim would not be barred by § 682 (B) & (D); however, upon review of Lippard Auctioneers' Third Party Complaint, the Court finds Lippard Auctioneers is not asserting an individual claim against Magid.

The Third Party Complaint mirrors the counter-claims alleged by Lippard Auctioneers against ZHN. Further, the Third Party Complaint also acknowledges that Magid is the sole member of ZHN and that Magid acted on ZHN's behalf when he signed the real estate contracts that Lippard Auctioneers alleges that both ZHN and Magid breached. Lippard Auctioneers' Third Party Complaint also alleges that "Plaintiff, ZHN, LLC, is a sham company and the alter-ego of Magid." Lippard Auctioneers' Third Party Compl. ¶ 7. Finally, Lippard Auctioneers, does not allege any conduct of Magid that differs from ZHN in its Third Party Complaint. As a result, Lippard's Auctioneers' Third Party Complaint is barred by § 682 (B) and (D) until (1) judgment is obtained against ZHN and (2) execution of that judgment is returned unsatisfied.

Accordingly, for the reasons stated above, the Court GRANTS Third Party Defendant Alexander Magid's Motion to Dismiss Randy Miller LLC's Third Party Counterclaim, Lippard

Auctioneers, Inc.'s Third Party Complaint and Brief in Support [docket no. 236] and DISMISSES Third Party Defendant Alexander Magid from this case.

**IT IS SO ORDERED this 9th day of March, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE