# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZHN, LLC, | ) |
|       Plaintiff, | ) |
| v. | ) Case No. CIV-12-1289-M |
| RANDY MILLER, LLC, et al., | ) |
|       Defendants. | ) |

## ORDER

This case is scheduled for trial on the Court's March 2015 trial docket.

Before the Court are Defendants Jerry Whitney, Angie Lippard, and Brady Lippard's Motions for Summary Judgment and Brief in Support Thereof, filed January 2, 2015. On January 23, 2015, plaintiff, ZHN, LLC ("ZHN"), filed its respective responses, and on January 30, 2015, defendant Angie Lippard replied. Based on the parties' submissions, the Court makes its determination.

I.    Background

This action stems from a two-day no reserve auction held on May 3 and 4, 2012, to sell approximately 9,700 surface and approximately 3,580 mineral acres owned by Randy Miller, LLC[1]. Defendant Lippard Auctioneers Inc. ("Lippard Auctioneers"), working on behalf of Randy Miller, LLC as its agent, advertised and conducted the auction. Defendant Jerry Whitney worked

---

[1] Randy L. Miller ("Miller") is the sole member of Randy Miller, LLC. On March 5, 2015, ZHN filed a Notice of Partial Settlement advising the Court that it had settled all claims with defendants Miller and Randy Miller, LLC. As a result, the Miller Defendants are no longer parties in this action.

as a ring man[2] during the auction.[3] Defendant Angie Lippard, an employee of Lippard Auctioneers, assisted with general office duties and with closing of successful bidders on the day of the auction. Defendant Brady Lippard, also an employee with Lippard Auctioneers, also served as a ring man during the auction. ZHN participated in the auction through its sole member, Alexander Magid ("Magid"). Magid communicated ZHN's bids over the telephone to defendant Brady Lippard, who placed bids on ZHN's behalf at the auction.

Prior to the auction, Miller informed defendant Troy Lippard that Miller wanted T. Turner Investments, LLC ("T. Turner Investments") to bid on land at the auction.[4] Bidding instructions were given to defendant Troy Lippard from Miller on behalf of T. Turner Investments, and defendant Troy Lippard made bids during the auction on behalf of T. Turner Investments. Bidders at the auction were not advised that Miller, the controlling member of Randy Miller, LLC, was a partial member of T. Turner Investments. T. Turner Investments successfully bid on several tracts of land; however, it failed to close on the properties.

ZHN was the successful bidder on several tracts of land during the auction, and while ZHN did not bid on tract 43 during the auction, after the hammer fell on tract 43, defendant Brady Lippard offered the tract to ZHN for $130,000, which ZHN accepted after researching the land. Following the auction on May 5, 2012, Magid emailed defendant Angie Lippard and stated "if any of the buyer [sic] back out, talk to me." A. Lippard's Mot. for SJ Ex. 2, Email from Alex Magid to Angie Lippard. On May 8, 2012, defendant Angie Lippard emailed Magid asking if he

---

[2] A ring man is someone who takes bids from the crowd. Jerry Whitney's Mot. for SJ Ex. 2, Deposition of Jerry Whitney.

[3] Defendant Jerry Whitney also participated in the auction and was the highest bidder on tract 54; however, defendant Whitney was not the winning bidder for tract 54.

[4] T. Turner Investments, LLC was formed by Miller and his brother Ronald Miller on April 25, 2012.

was interested in some tracts that another buyer had purchased at the auction. ZHN ultimately executed real estate contracts on the properties it had successfully bided on during the auction, and tract 43, and paid the required earnest money.[5] However, ZHN did not purchase any tracts offered to it subsequent to the auction by defendant Angie Lippard. Per the real estate contracts, the closing dates for the land purchased by ZHN were June 22, 2012, for the properties purchased on May 3, 2012, and June 29, 2012, for the properties purchased on May 4, 2012. When proof of title was not delivered for the properties purchased on May 3, 2012, as expected by ZHN, ZHN requested a portion of its earnest money back from the May 3, 2012 purchase. ZHN was informed that it would not be receiving its earnest money back, and that Randy Miller, LLC was proceeding with the closing of the properties. ZHN responded and advised that if it did not receive its earnest money back, it would pursue legal action.

On August 2, 2012, ZHN demanded mediation pursuant to the terms of the real estate contracts executed for the properties purchased during the auction. On September 12, 2012, ZHN demanded that all earnest money paid for the properties bided on at the auction be returned. On November 20, 2012, mediation was held, which did not resolve the matter, and on November 21, 2012, ZHN filed this action. In January of 2013, Randy Miller, LLC and ZHN signed a Guarantee Abstract Short Form Release of Earnest Money, which acknowledged that each party signed the release reserving all rights against each other, and directed Guarantee Abstract to return the earnest money to ZHN. On January 18, 2013, Guarantee Abstract wired the earnest money to ZHN.

---

[5] Magid, on behalf of ZHN, deposited $189,250.00 for the properties ZHN successfully bid on the first day of the auction (May 3, 2012) and deposited $96,700.00 for the properties ZHN successfully bid on the second day of the auction (May 4, 2012). These amounts were 10% of the purchase price of the land.

Defendants Jerry Whitney, Angie Lippard, and Brady Lippard (collectively "Defendants") now move this Court for summary judgment as to whether ZHN has standing to assert a claim against them individually.

II.	Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.	Discussion

> [I]rreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of

> some third party not before the court. Third, it must be likely, as
> opposed to merely speculative, that the injury will be redressed by
> a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations and quotations omitted). Defendants assert that ZHN lacks standing to bring a claim against them because ZHN has failed to show how it has been damaged by any acts of Defendants. ZHN contends that it has asserted claims against Defendants for fraud (all Defendants), interference with prospective economic advantage (all Defendants), civil conspiracy (all Defendants), deceptive trade practices (defendant Brady Lippard), and equitable relief (all Defendants), and further, that it "can establish (1) that it has sustained an injury-in-fact and damages resulting therefrom, (2) that there is a substantial likelihood that [Defendants'] conduct caused [ZHN's] injury-in-fact and (3) that [ZHN's] injuries may be redressed." ZHN's Responses to Defs.' Mots. for SJ at 14 -15 (Whitney), 18 (A. Lippard), and 19 (B. Lippard).

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to ZHN and viewing all reasonable inferences in ZHN's favor, as the Court must when addressing a motion for summary judgment, the Court finds that ZHN has presented sufficient evidence to create a genuine issue of material fact as to whether ZHN has standing to bring its claim against Defendants. Defendant Jerry Whitney asserts that his conduct in bidding on tract 54 during the auctions was not improper, especially since ZHN did not bid on tract 54 during the auction.[6] Defendant Angie Lippard asserts that ZHN cannot show how it was damaged when she subsequently offered land to ZHN that another buyer had purchased at the auction. Further, defendant Brady Lippard asserts that ZHN was not injured by his conduct of offering ZHN tract 43 to purchase after the bidding was over on that

---

[6] ZHN concedes that it not alleging claims against defendant Whitney for his conduct in bidding on behalf of himself.

land, because ZHN could have refused to purchase the tract if it was not the highest bidder during the auction. ZHN asserts Defendants "actively participat[ed] and engag[ed] in activity which facilitated and furthered the fraud-laced auction at issue." ZHN's Responses to Defs' Mot. for SJ ¶5 (Whitney), ¶ 3 (A. Lippard), and ¶ 3 (B. Lippard). ZHN further asserts that:

> [it] was damaged by shill bidding during the May 3rd and 4th Absolute Auction perpetuated by Lippard Auctioneers, Inc., its individual employees and the Miller Defendants. The bidding was tainted and did not result in arm's length transactions. ZHN is entitled to take land on which it bid, at the price of the last valid bid. The damage to ZHN on the surface tracts, which include income and appreciation on the land until September 30, 2014 is $5.8 Million.
>
> The mineral properties were misrepresented regarding the mineral acres that were being sold. The successful high bidder on each mineral property was a shill who do not close on any successful bid. The damages are the value of the property on which ZHN was the high, good faith bidder as advertised, less the last good faith bid. The mineral damages sustained by ZHN equal are [sic] $5.2 Million.

ZHN's Responses to Defs' Mot. for SJ ¶¶ 37 & 38 (Whitney), ¶¶ 59 & 60 (A. Lippard), ¶¶ 65 & 66 (B. Lippard). Based on ZHN's assertions, the Court finds that Defendants are not entitled to summary judgment.

IV.  Conclusion

Accordingly, for the reasons set forth above, the Court DENIES Defendant Jerry Whitney's Motion for Summary Judgment and Brief in Support Thereof [docket no.183], Defendant Angie Lippard's Motion for Summary Judgment [docket no. 186], and Defendant Brady Lippard's Motion for Summary Judgment and Brief in Support Thereof [docket no. 187].

**IT IS SO ORDERED this 13th day of March, 2015.**

*Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE