## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZHN, LLC, | ) |
|           Plaintiff, | ) |
| v. | ) Case No. CIV-12-1289-M |
| RANDY MILLER, LLC, et al., | ) |
|           Defendants. | ) |

## ORDER

This case is scheduled for trial on the Court's March 2015 trial docket.

Before the Court is Plaintiff's ("ZHN") Motion for Summary Judgment, filed January 2, 2015. On January 26, 2015, defendants Lippard Auctioneers, Inc. ("Lippard Auctioneers"), Troy Lippard, Angie Lippard, Brady Lippard, Jerry Whitney, and United Country Real Estate, Inc., d/b/a United Country Auction Services and United Country Real Estate Services (collectively the "Lippard Defendants") filed their joint response. On February 2, 2015, ZHN replied. Based on the parties' submissions, the Court makes its determination.

### I.    Background

This action stems from a two-day no reserve auction held on May 3 and 4, 2012, to sell surface and mineral acres owned by defendant Randy Miller, LLC[1]. Defendant Lippard Auctioneers, working on behalf of Randy, Miller LLC as its agent, conducted the auction. ZHN participated as a bidder in the auction.[2] Prior to the auction, defendant Randy Miller ("Miller") informed defendant Troy Lippard that Miller wanted T. Turner Investments, LLC to bid on land

---

[1] Miller is the sole member of Randy Miller, LLC.

[2] Third-party defendant Alex Magid is the sole member of ZHN.

at the auction.[3] Bidding instructions were given to Troy Lippard from Miller on behalf of T. Turner Investments, LLC and Troy Lippard made bids during the auction on behalf of T. Turner Investments, LLC. Bidders at the auction were not advised that Miller, the controlling member of Randy Miller, LLC was a partial member of T. Turner Investments, LLC.

T. Turner Investments, LLC successfully bid on several properties; however, it failed to close on those properties. ZHN executed real estate contracts on the properties it had successfully bided on and paid the required earnest money.[4] Per the real estate contracts, the closing dates for the land purchased by ZHN were June 22, 2012, for the properties purchased on May 3, 2012, and June 29, 2012, for the properties purchased on May 4, 2012. When proof of title was not delivered for the properties purchased on May 3, 2012, as expected by ZHN, ZHN requested a portion of its earnest money back from the May 3, 2012 purchase. ZHN was informed that it would not be receiving its earnest money back, and that Randy Miller, LLC was proceeding with the closing of the properties. ZHN responded and advised that if it did not receive its earnest money back, it would pursue legal action.

On August 2, 2012, ZHN demanded mediation pursuant to the terms of the real estate contracts executed for the properties purchased during the auction. On September 12, 2012, ZHN demanded that all earnest money paid for the properties bided on at the auction be returned. On November 20, 2012, mediation was held, which did not resolve the matter, and on November 21, 2012, ZHN filed this action. In January of 2013, Randy Miller, LLC and ZHN signed a Guarantee Abstract Short Form Release of Earnest Money, which acknowledged that each party

---

[3] T. Turner Investments, LLC was formed by Miller and his brother Ronald Miller on April 25, 2012.

[4] Alex Magid, on behalf of ZHN, deposited $189,250.00 for the properties ZHN successfully bid on the first day of the auction (May 3, 2012) and deposited $96,700.00 for the properties ZHN successfully bid on the second day of the auction (May 4, 2012). These amounts were 10% of the purchase price of the land.

signed the release reserving all rights against each other, and directed Guarantee Abstract to return the earnest money to ZHN. On January 18, 2013, Guarantee Abstract wired the earnest money to ZHN.

ZHN now moves this Court for summary judgment as to whether it is liable to Lippard Auctioneers for breach of contract.

## II. Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

## III. Discussion

An auctioneer, as representing a class of agency, is considered an agent of both parties to the sale, and by virtue of the employment is agent only of the seller until the hammer falls. *Tulsa*

*Auto Dealers Auction v. N. Side State Bank*, 431 P.2d 408, 412 (Okla. 1966). ZHN asserts that it is not the proper party for Lippard Auctioneers to bring a breach of contract claim against since Lippard Auctioneers was acting as a broker for the Miller Defendants in selling their land. Lippard Auctioneers contends that as a third-party beneficiary to the real estate contracts and as an implied agent of ZHN it is entitled to bring a breach of contract claim against ZHN.

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to Lippard Auctioneers and viewing all reasonable inferences in Lippard Auctioneers' favor, as the Court must when addressing a motion for summary judgment, the Court finds that Lippard Auctioneers has presented sufficient evidence to create a genuine issue of material fact as to whether Lippard Auctioneers can bring a breach of contract claim against ZHN. ZHN in its brief contends that Lippard Auctioneers was only acting as agent for the Miller Defendants in the sale of their land during the auction. As a result, Lippard Auctioneers can only recover from the Miller Defendants for any commissions it did not receive as a result of ZHN not closing on the real estate contracts. Lippard, Auctioneers however, asserts that once the auction was over it was an agent of both the Miller Defendants as the seller and ZHN as the buyer of land. Accordingly, the Court finds that ZHN is not entitled to summary judgment on this issue.

IV. Conclusion

Accordingly, for the reasons set forth above, the Court DENIES Plaintiff's Motion for Summary Judgment [docket no. 185].

**IT IS SO ORDERED this 13th day of March, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE