# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

ZHN, LLC, )
 )
      Plaintiff, )
 )
v. )   Case No. CIV-12-1289-M
 )
RANDY MILLER, LLC, et al., )
 )
      Defendants. )

## ORDER

This case is scheduled for trial on the Court's March 2015 trial docket.

Before the Court is Defendant United Country Real Estate, Inc., d/b/a United Country Auction Services and United Country Real Estate Services' ("United Country") Motion for Summary Judgment and Brief in Support Thereof, filed January 2, 2015. On January 23, 2015, plaintiff, ZHN, LLC ("ZHN"), responded. Based on the parties' submissions, the Court makes its determination.

I.    Background

United Country is a franchisor of real estate and auction offices with approximately 4,000 persons with franchise offices in the United States, Mexico, and Costa Rica. Defendant Troy Lippard signed a member broker franchise agreement with United Country, in which defendant Troy Lippard agreed to "operate its Broker Office under the trade name 'United Country Lippard Auctioneers, Inc.'" Mot. for SJ Ex 2, United Country Member Broker Franchise Agreement at 2. This action stems from a two-day no reserve auction held on May 3 and 4, 2012, to sell surface and mineral acres owned by defendant Randy Miller, LLC[1]. Defendant Lippard Auctioneers, working on behalf of Randy Miller, LLC as its agent, conducted the auction. ZHN participated as

---

[1] Randy L. Miller is the sole member of Randy Miller, LLC.

a bidder in the auction.[2] Prior to the auction, defendant Randy Miller ("Miller") informed defendant Troy Lippard that Miller wanted T. Turner Investments, LLC to bid on land at the auction.[3] Bidding instructions were given to defendant Troy Lippard from Miller on behalf of T. Turner Investments, LLC and defendant Troy Lippard made bids during the auction on behalf of T. Turner Investments, LLC. Bidders at the auction were not advised that Miller, the controlling member of Randy Miller, LLC, was a partial member of T. Turner Investments, LLC.

T. Turner Investments, LLC successfully bid on several properties; however, it failed to close on those properties. ZHN executed real estate contracts on the properties it had successfully bided on and paid the required earnest money.[4] Per the real estate contracts, the closing dates for the land purchased by ZHN were June 22, 2012, for the properties purchased on May 3, 2012, and June 29, 2012, for the properties purchased on May 4, 2012. When proof of title was not delivered for the properties purchased on May 3, 2012, as expected by ZHN, ZHN requested a portion of its earnest money back from the May 3, 2012 purchase. ZHN was informed that it would not be receiving its earnest money back, and that Randy Miller, LLC was proceeding with the closing of the properties. ZHN responded and advised that if it did not receive its earnest money back, it would pursue legal action.

On August 2, 2012, ZHN demanded mediation pursuant to the terms of the real estate contracts executed for the properties purchased during the auction. On September 12, 2012, ZHN demanded that all earnest money paid for the properties bided on at the auction be returned. On

---

[2] Third-party defendant Alex Magid is the sole member of ZHN.

[3] T. Turner Investments, LLC was formed by Miller and his brother Ronald Miller on April 25, 2012.

[4] Alex Magid, on behalf of ZHN, deposited $189,250.00 for the properties ZHN successfully bid on the first day of the auction (May 3, 2012) and deposited $96,700.00 for the properties ZHN successfully bid on the second day of the auction (May 4, 2012). These amounts were 10% of the purchase price of the land.

2

November 20, 2012, mediation was held, which did not resolve the matter, and on November 21, 2012, ZHN filed this action. In January of 2013, Randy Miller, LLC and ZHN signed a Guarantee Abstract Short Form Release of Earnest Money, which acknowledged that each party signed the release reserving all rights against each other, and directed Guarantee Abstract to return the earnest money to ZHN. On January 18, 2013, Guarantee Abstract wired the earnest money to ZHN.

United Country now moves this Court for summary judgment as to ZHN's negligence claim and as to ZHN's claim that United Country is vicariously liable for the improper actions of its franchisee Lippard Auctioneers, Inc.[5]

## II. Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to

---

[5] ZHN also has a direct claim against United Country for violation of the Oklahoma Consumer Protection Act. Although ZHN addresses this claim in its response to United Country's motion for summary judgment, United Country does not address this claim in its motion for summary judgment, and the Court will not address the claim in this Order.

require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III. Discussion

    A. Negligence Claim

For claims predicated on negligence, the threshold question is the existence of a duty. *Wood v. Mercedes-Benz of Okla. City*, 336 P.3d 457, 459-60, *reh'g denied* (Okla. 2014) (citing *Miller v. David Grace, Inc.,* 212 P.3d 1223, 1227 (Okla. 2009)). Whether a duty existed is a question of law. *Id.* The Oklahoma Supreme Court has described the relevant inquiry for assessing the existence of a duty in negligence cases as follows:

> One of the most important considerations in establishing a duty is foreseeability. Foreseeability is critical as it determines (1) to whom a duty is owed and (2) the extent of the duty. A defendant owes a duty of care only to foreseeable plaintiffs. As for the extent of the duty, it too is determined in great part by the foreseeability of the injury. Whenever the circumstances attending a situation are such that an ordinarily prudent person could reasonably apprehend that, as the natural and probable consequences of his act, another person will be in danger of receiving an injury, a duty to exercise ordinary care to prevent such injury arises.

*Id.* However, in the context of a franchisor-franchisee relationship, when determining whether the franchisor owed a duty to the plaintiff, the Court must first look to the degree of control the franchisor maintained over the franchisee. *See Pate v. Alian*, 49 P.3d 85, 90 (Okla. Civ. App. 2002). The Tenth Circuit in *Rogers v. Anheuser-Bush, Inc.*, 491 F. 3d 1165 (10th Cir. 2007) found that a mere franchisor–franchisee relationship was not enough to establish that the franchisor owed a duty to the plaintiff. *Id.* at 1171.

United Country asserts that it "neither possesses nor exercises any right of control of the day to day operations of Lippard Auctioneers", and further, that ZHN "can point to no language

4

in the Member Broker Franchise Agreement, or otherwise, to show that United Country exercises any control or even any right to control of its franchisees in relation to auctions." Mot. for SJ at 5. ZHN contends that United Country's marketing plan establishes that it owed a duty of reasonable care to auction participants to exercise care in the selection, training, and supervision of its auctioneers. *See* ZHN's Resp. to Mot. for SJ at 21.

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to ZHN and viewing all reasonable inferences in ZHN's favor, as the Court must when addressing a motion for summary judgment, the Court finds that United Country had no duty to ZHN as a matter of law. ZHN contends that it was foreseeable that if United Country did not take reasonable care to ensure that representations made through United Country's marketing materials and website were carried out, that harm would occur to participants in the auctions, such as ZHN.[6] Further, to support its position that United Country had a duty to ZHN, ZHN relies on *Dubois v. Kepchar*, 889 F. Supp. 1095 (N.D. Ind. 1995).[7] The court in *Dubois* found that as a matter of law Century 21 did not owe a duty to plaintiff for the acts of its real estate agent. In making this finding, the court specifically found, in part, that the plaintiff could not point to anywhere in the franchise agreement where a duty was established on part of Century 21 to the plaintiff. *Id.* at 1104.

---

[6] ZHN contends that United Country made the following representations in its marketing materials and website; (1) that United Country had a commitment to quality customer services, professionalism, and integrity; (2) that they "offered unparalleled experience and leadership from the top people in the industry who are continuously trained and educated to produce leading industry results" (ZHN Resp. to Mot. for SJ at 7 ¶ 16); and (3) that "it strives to achieve the highest standard of ethics and integrity" (ZHN Resp. to Mot. for SJ at 8 ¶ 20)(citing Ex. 1, Jerry Jones Deposition, p. 47).

[7] In *Dubois,* the plaintiff contended that franchisor defendant Century 21 acted negligently by allowing its Century 21 real estate agent to engage in business other than real estate, violating the franchise agreement, and by allowing the real estate agent to run advertisements that did not mention that the real estate agent was independently operated.

This Court finds that, as in *Dubois*, no duty was owed by United Country to the buyers in the auctions such as ZHN. ZHN has not identified any part of the Member Broker Franchise Agreement between United Country and defendant Troy Lippard that establishes a duty between United Country to buyers at the auction such as ZHN. Further, other than asserting that United Country was negligent by not training its auctioneers, ZHN provides no evidence, other than an advertising flyer and brochure with the name United Country Lippard Auctioneers Inc., to show that United Country was involved, let alone in control of the auction that is the subject of this case. Accordingly, the Court finds that United Country is entitled to summary judgment as to ZHN's negligence claim.

B.  Apparent Agency

"Agency is the relationship between parties through which one is authorized to act for another generally or as to specified matters." *Meyer Dairy Inc. v. NLRB*, 429 F.2d 697, 701-702 (10th Cir. 1970). "The law does not presume an agency status is present." *Enter. Mgmt. Consultants, Inc. v. State, ex rel. Okla. Tax Comm'n*, 768 P.2d 359, 364 (Okla. 1988). "The burden of proving the existence, nature and extent of the agency relationship rests ordinarily upon the party who asserts it." *Id*. "The existence of an actual agency relationship is not a prerequisite to establishing apparent authority." *Thorton v. Ford Motor Co.*, 297 P.3d 413, 420 (Okla. Civ. App. 2012). "Apparent authority results from a manifestation by the principal to a third person that another is his agent." *Id*. at 421 (internal quotations and emphasis omitted). "The principal's manifestation may be made directly to a third person or to the community by signs or by advertising." *Id*. (internal quotations and emphasis omitted). "But, apparent authority exists only to the extent that it is reasonable for the third party dealing with the agent to believe that the agent is authorized." *Id*. (internal quotations and emphasis omitted). "[W]hen a principal

6

puts an agent into a position and while acting with apparent authority, the agent commits a fraud on a third person, the principal is subject to liability to the third person for the agent's fraud." *Id*. (citing *Shrier v. Morrison,* 357 P.2d 196, 201 (Okla. 1960)).

> Therefore, only if there is evidence to support the existence of an agency relationship based on apparent authority may [a] [franchisor] be found vicariously liable for the fraudulent and tortious actions by the [franchisee] . . . .

*Id.*

United Country contends that no agency relationship existed between it and its franchisee, Lippard Auctioneers. Specifically, United Country asserts that it had no control over Lippard Auctioneers or its employees. ZHN contends that United Country is vicariously liable for Lippard Auctioneers' conduct based on a theory of apparent agency.

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to ZHN and viewing all reasonable inferences in ZHN's favor, as the Court must when addressing a motion for summary judgment, the Court finds that ZHN has submitted sufficient evidence to create a genuine issue of material fact as to whether an apparent agency relationship existed between United Country and its franchisee Lippard Auctioneers. The Court finds the facts in the *Dubois* case are similar to the facts in the instant action. In *Dubois*, the court found that there was an apparent agency relationship between the defendant Century 21 and its real estate agent. *Id.* at 1101. The court found that based on the plaintiff's reliance on Century 21's national advertising, it was not unreasonable for the plaintiff to believe that his Century 21 real estate agent was an agent of Century 21, regardless of the fact that plaintiff could have possibly seen on the real estate agent's stationary that the real estate agent's office was independently owned and operated. *See id.* at 1102.

ZHN contends that it relied on United Country's online marketing materials in believing that Lippard Auctioneers was United Country's agent. ZHN has presented evidence referencing United Country's marketing documents that refers to: (1) United Country's auctioneers as "carefully selected partners"; (2) United Country's "proprietary auctioneer training" program; (3) United Country's operating goals which include "maintain[ing] the highest ethical and cultural standards"; and (4) United Country's buyers (participants in the auctions) as "our buyers". ZHN's Resp. to Mot. for SJ Ex 1, Deposition testimony of Mike Jones 31-32, 35, and 39. ZHN further asserts that while the franchise agreement between United Country and defendant Troy Lippard states that Lippard Auctioneers is an independent contractor and not a partner, United Country's marketing materials represents that United Country are partners with its auctioneers, including Lippard Auctioneers. Finally, ZHN asserts that (1) "the brochure for the subject auction states that it is an absolute auction and to be conducted by United Country Lippard Auctioneers"; (2) that "nothing in the brochure indicates that the auctioneer is independently owned and operated" (ZHN's Resp. to Mot. for SJ at 11 ¶32.); and (3) the promotional materials prominently feature the United Country's logo. Based on the evidence presented by ZHN, the Court finds a jury could find it was not unreasonable for ZHN to believe that Lippard Auctioneers was the agent of United Country and, therefore, United Country is not entitled to summary judgment on the issue of whether an agency relationship existed between United Country and Lippard Auctioneers.

IV.    Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS IN PART AND DENIES IN PART Defendant United Country's Motion for Summary Judgment and Brief in Support Thereof [docket no. 180] as follows:

1. The Court grants United Country's motion for summary judgment as to ZHN negligence claim; and

2. The Court denies United Country's motion for summary judgment as to the issue of whether an agency relationship existed between United Country and Lippard Auctioneers.

**IT IS SO ORDERED this 13th day of March, 2015.**

*Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE