# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

ZHN, LLC, )
        Plaintiff, )
v. ) Case No. CIV-12-1289-M
RANDY MILLER, LLC, et al., )
        Defendants. )

## ORDER

Before the Court is Plaintiff ZHN, LLC's Motion to Strike Portions of the Expert Testimony of Mike Brandly Pursuant to Rule 702 of the Federal Rules of Evidence, filed February 2, 2015. On February 26, 2015, defendants Lippard Auctioneers, Inc., Troy Lippard, Angie Lippard, Brady Lippard, Jerry Whitney, and United Country Real Estate, Inc. d/b/a United Country Auction Services and United Country Real Estate Services (collectively, "Defendants") responded, and on March 6, 2015, ZHN replied. Based on the parties' submissions, the Court makes its determination.

This action stems from a two-day no reserve auction held on May 3 and 4, 2012, to sell surface and mineral acres owned by Randy Miller, LLC[1]. Defendant Lippard Auctioneers Inc., working on behalf of Randy Miller, LLC as its agent, conducted the auction. ZHN participated as a bidder in the auction. Defendants have retained Mike Brandly as an expert. ZHN now moves the Court to exclude certain portions of the expert testimony offered by Mr. Brandly.

---

[1] On March 5, 2015, ZHN filed a Notice of Partial Settlement advising the Court that it had settled all claims with defendants Randy Miller and Randy Miller, LLC. As a result, the Miller Defendants are no longer parties in this action.

Federal Rule of Evidence 702 governs the admissibility of expert testimony based on scientific, technical, or other specialized knowledge. It provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Further, Federal Rule of Evidence 704 allows opinion testimony from witnesses that embrace an ultimate issue. *See* Fed. R. Evid. 704(a).

> The Federal Rules, however, do not allow the admission of all such opinion evidence. The Rules do not, for example, allow an expert to offer testimony that merely tells the jury what result they should reach or testimony phrased in terms of inadequately explored legal criteria. Expert testimony of this type is often excluded on the grounds that it states a legal conclusion, usurps the function of the jury in deciding the facts, or interferes with the function of the judge in instructing the jury on the law.

*United States v. Simpson*, 7 F.3d 186, 188 (10th Cir. 1993).

In its Motion, ZHN asserts that during Mr. Brandly's deposition testimony Mr. Brandly testified not only to auction process and procedures, but also offered legal analysis and opinions, on which there was no objective basis other than his experience and say so. ZHN requests this Court to exclude any testimony of Mr. Brandly regarding legal issues or his personal evaluation of testimony, credibility or acts of others.[2] Defendants contend that ZHN bases its motion on testimony elicited during Mr. Brandly's deposition in response to ZHN's counsel's questions.

---

[2] Plaintiffs fail to address Mr. Brandly's supposed testimony on credibility or acts of others; so, the Court will not address those issues in this Order.

Defendants further assert Mr. Brandly will be providing expert testimony as to auction process and procedures and that this testimony is appropriate testimony under the applicable case law. *See Karns v. Emerson Elec. Co.,* 817 F.2d 1452 (10th Cir.1998) (finding that expert witness' testimony "that the [brush-cutting device] was unreasonably dangerous beyond the expectation of the average user, . . ., and that [defendant] acted recklessly in producing and distributing" did not violate Rule 704(a)). Having carefully reviewed the parties' submissions, the Court finds that Mike Brandly will be permitted to testify within the confines of Rule 704; specifically Mr. Brandly may testify regarding his opinions relating to auction process and procedures. Further, Mr. Brandly has not yet testified at trial, the Court will not speculate based off of deposition testimony what Mr. Brandly's testimony will be at trial. However, any testimony from Mr. Brandly that "states a legal conclusion, usurps the function of the jury in deciding the facts, or interferes with the function of the judge in instructing the jury on the law" will be excluded. *Simpson*, 7 F.3d at 188.

Accordingly, the Court DENIES Plaintiff ZHN, LLC's Motion to Strike Portions of the Expert Testimony of Mike Brandly Pursuant to Rule 702 of the Federal Rules of Evidence [docket no. 257].

**IT IS SO ORDERED this 16th day of March, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE