# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZHN, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-12-1289-M |
| | ) |
| RANDY MILLER, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is defendants Lippard Auctioneers, Inc., Troy Lippard, Angie Lippard, Brady Lippard, Jerry Whitney, and United Country Real Estate, Inc. d/b/a United Country Auction Services and United Country Real Estate Services' (collectively, "Defendants") Motion to Strike, filed February 2, 2015. On February 26, 2015, plaintiff, ZHN, LLC, responded, and on March 6, 2015, Defendants replied. Also, before the Court is Defendants' Joint Motion to Strike Plaintiff's Witness Drew Kershen for Failure to Comply with Fed. R. CIV. P. 26, filed February 3, 2015. On February 24, 2015, ZHN responded, and on March 6, 2015, Defendants replied. Based on the parties' submissions, the Court makes its determination.

Defendants now move this Court to Strike the testimony of ZHN's witness Drew Kershen as an expert witness. However, ZHN contends that Drew Kershen is not being offered as an expert witness, pursuant to Federal Rule of Evidence 702, but as lay witness pursuant to Federal Rule of Evidence 701. Federal Rule of Evidence 701 provides:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
> **(a)** rationally based on the witness's perception;
> **(b)** helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> **(c)** not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. Federal Rule of Evidence 702 governs the admissibility of expert testimony based on scientific, technical, or other specialized knowledge. It provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

ZHN asserts that:

> Mr. Kershen will testify regarding his research as to practices and procedures of absolute auctions. . . Mr. Kershen's testimony will include firsthand observations of practices at auctions – observations which could have been made by any lay witness and do not require any technical or specialized knowledge to appreciate or understand.

ZHN's Resp. to Defs.' Mot. to Strike [docket no. 263] at 5. "Defendants assert that the sole basis for the proffered testimony of Mr. Kershen is the fact that in 1983, he went to a horse auction which spawned his idea for a law review article." Defs.' Mot. to Strike [docket 263] at 5-6. Defendants further assert that Mr. Kershen experiences with auctions are limited. *See* Defs.' Mot. to Strike [docket 263] at 6. Defendants have provided evidence, through deposition testimony, that Mr. Kershen believes he was retained by ZHN as an expert witness, and further that Mr. Kershen is billing ZHN $300 per hour for the work he is doing on this case. Defs.' Mot. to Strike [docket 263] Ex. 1, Deposition of Drew Kershen at 6 – 7. Having carefully reviewed the parties' submissions, the Court finds that based on ZHN's proffered reasons for Drew

Kershen's testimony, Drew Kershen will not be allowed to testify in this case. While ZHN contends Mr. Kershen will be testifying as a lay witness, pursuant to Rule 701, the Court finds that the evidence shows otherwise, and that Mr. Kershen is actually being offered by ZHN to testify as an expert, pursuant to Rule 702.

Accordingly, for the reasons stated above, the Court GRANTS the Defendants' Motion to Strike [docket no. 263] and STRIKES the testimony of ZHN's witness Drew Kershen. Further, in light of the Court striking the testimony of Drew Kershen, the Court finds that Defendants' Joint Motion to Strike Plaintiff's Witness Drew Kershen for Failure to Comply with Fed. R. Civ. P. 26 [docket no. 264] is MOOT.

**IT IS SO ORDERED this 16th day of March, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE